## L. H. D'ARMAND *v.* JOHN W. PULLIN.

A party plaintiff is only entitled to recover the actual damage sustained by him in consequence of the defendant's violation of the contract of lease.

APPEAL from the District Court of the Parish of Concordia, *McVea*, J. *Sparrow & Shaw* for plaintiff. *Ogden, York & Sawyer*, for defendant and appellant.

LAND, J. The plaintiff instituted this action to recover fifteen thousand dollars damages of the defendant, for violating a contract of lease, in not delivering possession of the premises at the time stipulated in the contract, and in holding over two years after the expiration of the lease; and also to recover damages for waste committed by the defendant during the time of his possession.

The defendant, in his answer to the petition, reconvenes and claims fifteen thousand dollars of the plaintiff for the value of certain improvements which he had made upon the premises prior to the date of the contract of lease, and at a time when he hoped to acquire a pre-emption right to the land.

.The facts which have given rise to this litigation, are as follows :

The defendant, in the year 1846, purchased a small improvement on a tract of land situate within the limits of the " *Bringier Grant*," in the Parish of Concordia; and proceeded to clear and to bring into a state of cultivation a portion of the land, and to erect thereon buildings of considerable value.

The title of the claimants of the grant having been subsequently recognized and established by a decision of the Circuit Court of the United States sitting at New Orleans, and the decision having become final by the lapse of time against the United States Government, judicial proceedings were instituted for the purpose of effecting a partition of the lands among the various co-proprietors, and a decree was rendered ordering a partition of the lands contained in the grant, by licitation or sale. And at the sale made for the purpose of effecting the partition, on the 7th day of July, 1855, the plaintiff became the purchaser of the tract of land on which the defendant resided, and had made valuable improvements, at the price of twelve dollars per acre, one-third cash, and the balance on a credit of one and two years.

Three days after the sale, to wit, on the 10th day of July, 1855, the plaintiff, by written contract, for and in consideration of the sum of three dollars, the receipt of which he acknowledged, leased the land which he had purchased, together with all the buildings, appurtenances and improvements thereon, or thereunto belonging, unto the defendant, *John W. Pullin,* from the date of the contract of lease until the 20th day of December then next ensuing; and the defendant on his part agreed and bound himself to take good care of the property leased, and to restore the possession thereof to the plaintiff on the day stipulated in the contract, to wit, on the 20th day of December, 1855.

The lease having expired, the defendant claimed the value of his improvements made upon the land prior to the date of the contract, and refused to deliver possession of the premises to the plaintiff, *on that ground.* The plaintiff thereupon commenced proceedings before a Justice of the Peace to expel the defendant from the leased premises, and after a protracted litigation, succeeded in obtaining a final judgment of expulsion against him.

And finally, at the time the defendant abandoned the premises in January, 1858, he left them in a state of dilapidation and waste.

Upon this statement of the facts, it is clear that the defendant is liable in damages to the plaintiff, for violating the stipulations contained in the contract of lease, and for the waste committed by him during the pendency of the proceedings to expel him as the tenant of the plaintiff from the premises; and the right of recovery for these causes in the main action, is beyond question. But the difficult and most important question which arises in the case, grows out of the defendant's reconventional demand for the value of improvements prior to the judicial sale to effect the partition, and to the date of the lease entered into between him and the plaintiff. The stipulations in the contract of lease are entirely silent as to the defendant's right to claim reimbursement of the plaintiff for the value of the improvements previously made upon the premises; and in the absence of any special agreement, the defendant's right to reimbursement, under the peculiar circumstances of the case, must be determined upon legal principles.

Notwithstanding the conflicting decisions of this Court as to the right of the party evicted to recover the value of improvements made on the property of another, the case of the defendant appears to come within the letter and spirit of article 500 of the Civil Code, which declares that: "When plantations, constructions and works have been made by a third person, and with such person's own materials, the owner of the soil has a right to keep them, or to compel this third person to take away or demolish the same."

"If the owner requires the demolition of such works, they shall be demolished at the expense of the person who erected them, without any compensation; such person may even be sentenced to pay damages, if the case require it, for the prejudice which the owner of the soil may have sustained."

"If the owner keep the works, he owes to the owner of the materials nothing but the reimbursement of their value and the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby."

"Nevertheless, if the plantations, edifices or works have been done by a third person evicted, but not sentenced to make restitution of the fruits, because such person possessed *bona fide*, the owner shall not have a right to demand the demolition of the works, plantations or edifices, but he shall have his choice either to reimburse the value of the materials and the price of workmanship, or to reimburse a sum equal to the enhanced value of the soil."

It is clear, under this article of the Code, that the plaintiff had the right either to keep the buildings, which the defendant had erected upon the land, or to cause their removal or demolition at the defendant's expense; but it is equally clear that in making the election to keep the buildings, the plaintiff incurred the obligation to reimburse the defendant the value of the materials and the price of workmanship, without any regard to the greater or less value which the soil may have acquired thereby; and having incurred this obligation, the defendant had the right to claim its enforcement, as he has done, by way of reconvention in his answer to the plaintiff's petition for damages for withholding the land.

The plaintiff is only entitled to recover the actual damage sustained by him in consequence of the defendant's violation of the contract of lease, and upon the evidence before us, such actual damage cannot be assessed, including the waste committed by the defendant upon the premises, at more than two thousand dollars, for the two years, during which the defendant held possession of the premises after the expiration of the lease.

The defendant had erected upon the land a dwelling-house, a kitchen, a gin-house with running-gear, negro cabins, and other out-buildings, which cannot be estimated in value at less than three thousand dollars, and for this sum he is entitled to a judgment on his reconventional demand against the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court be avoided and reversed; and it is now ordered, adjudged and decreed, that the plaintiff recover of the defendant the sum of two thousand dollars damages, to be compensated by the judgment herein rendered in favor of the defendant on his reconventional demand.

It is further ordered, adjudged and decreed, that the defendant recover of the plaintiff, for the value of improvements, the sum of three thousand dollars, to be compensated by the judgment herein rendered in favor of the plaintiff, to the amount of two thousand dollars, with the costs in the lower Court, together with the costs of this appeal.