B. JOSEPHINE FRIBURK v. STANDARD OIL COMPANY.[1]

November 20, 1896.

Nos. 10,185—(83).

**Nuisance—Action to Abate—Complaints.**

In an action brought to abate a nuisance caused, as appeared from the evidence, by the careless manner in which defendant handled coal oil in the vicinity of plaintiff's dwelling, and to recover damages, it is *held* that the court below erred when it excluded evidence as to whether plaintiff had ever complained of the alleged nuisance to defendant's agent or employés.

**Same—Action by Wife—Damages.**

The fact that a wife is furnishing the dwelling in which the family resides does not change the common-law rule that the husband is the head of the family, nor will it give to the wife the right to recover for damages resulting from the maintenance of a nuisance.

**Same—Excessive Damages.**

*Held*, further, upon the evidence, that the award of damages was excessive in amount.

Appeal by defendant from an order of the district court for Le Sueur county, Cadwell, J., denying a motion for a new trial. Reversed.

*Willard L. Comstock*, for appellant.
*M. D. Halloran*, for respondent.

COLLINS, J.    Action to abate a nuisance and to recover damages caused by its maintenance.    The nuisance complained of consisted of iron tanks and a frame warehouse on defendant's premises, in which it kept and stored large quantities of coal oil in close proximity to plaintiff's dwelling house, occupied by herself and family, causing noxious and offensive smells and odors, tainting and corrupting the atmosphere, so as to render plaintiff's dwelling house and premises unfit for habitation; and also, because of the liability of the oil to take fire and explode, rendering the same dangerous to occupy. A

[1] Reported in 68 N. W. 1090.

trial was had, and quite a number of questions were specially submitted to the jury, which evidently led to confusion, but all were answered, and a general verdict returned for plaintiff in the sum of $300. Thereafter the court made findings conformable to the special verdict in most instances, but in some respects in direct opposition thereto, and also made further findings, on which judgment was ordered in plaintiff's favor for the amount of her damages as found by the jury; but the court refused to order judgment that defendant be restrained and enjoined from maintaining and using its premises for the purpose of storing its oils in the future. This appeal is from an order denying defendant's motion for a new trial.

1. It is contended that the court erred upon the trial when it refused evidence as to whether plaintiff had ever complained of the disagreeable odors and smells to defendant's agent or employés prior to the bringing of the action, said agent and employés being known to plaintiff, and frequently at work about the premises. The plaintiff's testimony clearly indicated, and the trial court found, that the odors and smells came from oils which defendant's servants had carelessly handled and allowed to escape upon the ground, and not from oils which had been stored in the tanks or the warehouse. In view of this evidence, we are of the opinion that the court erred in its ruling. Proof that, although plaintiff had abundant opportunity to remonstrate with the persons in charge of the work, who, within a few feet of her dwelling, and for quite a period of time, were proceeding so carelessly as to cause her great annoyance, discomfort, and injury, she failed so to do, would naturally affect the weight of her testimony as to the extent of the annoyance and discomfort, and how severely she had been injured. It is fairly to be presumed that if there had been continued, or even frequent, occasions for complaint, plaintiff would not have remained silent, having excellent opportunities for remonstrating.

2. Against defendant's objection, plaintiff was allowed to show that her family consisted of her husband and six children, and this is assigned as error. The fact that she was furnishing the house in which the family resided does not change the common-law rule that the husband is the head of the family, nor would it give to her the right to recover for damages to the family resulting from the nuisance. But she had the right to show the use to which she was putting her proper-

ty as bearing upon the question of her own injury. She had the right to show that she was using the property as a residence for herself and family, and really she did nothing more than this when stating the precise number and of whom the family consisted.

3. Defendant's counsel insists that the evidence was insufficient to support a verdict for plaintiff, and also that, in any event, excessive damages were assessed.

We have stated that the court found that the offensive smells and odors were caused by the carelessness of the men handling the oils, and did not come from the storage tanks or warehouse. From examination of the evidence, giving plaintiff its full benefit, it appears that the oil spilled upon the ground "smells when the wind blows towards our house; it has smelled very strong; even we had to close the doors and windows sometimes." When questioned as to the length of time these offensive smells had been noticed, plaintiff replied: "Well, that was last summer and this summer. This summer it was not quite so much." When asked as to the smells continuing, plaintiff answered: "Well, it does smell some. It does smell continually, but more when it is a change of weather." This is the substance of all of the evidence upon which plaintiff's damages were assessed at $300. And, to sum it all up, there has been at plaintiff's residence an odor arising from the careless spilling of coal oil upon the ground when defendant's employés were putting it in or taking it out of the storage tanks or warehouse, more noticeable when the wind blew towards the house than at any other time, and sometimes the odor was so offensive as to compel the closing of plaintiff's doors and windows. How many times the plaintiff has been obliged to shut up her house—obviously in the warm season of the year—on account of the odors was not shown, and to what degree these odors were offensive was largely left to be inferred.

While plaintiff, as a person whose property has been injuriously affected, and whose personal enjoyment of the same has been lessened, by the maintenance of a nuisance, has the right to enjoin or abate the same by action, and to recover damages, the proof must be such as to afford a basis on which to assess the damages, and to support the amount awarded, if any. We are not quite prepared to say that plaintiff failed to make out a case entitling her to recover at all, but, in view of the indefiniteness of the evidence as to the degree or extent of

the discomfort and inconvenience suffered by her, we are of the opinion that the award was excessive in amount.

Order reversed.

BUCK, J. (dissenting).    I dissent.    The injury was not of a visible, tangible character, and therefore not susceptible of exact measurement, but I think that it ought to be left to the jury to say what, in their judgment, the plaintiff ought to have in money in view of the discomfort or annoyance to which she was subjected by the nuisance. It is said in 2 Wood, Nuis. § 866, citing authorities, that in such cases, whether the verdict is large or small, if, in view of the evidence, it has any reasonable foundation, it will not be disturbed because it is too small on the one hand, or too large on the other.    I do not think it so excessive that we should interfere.    Nor do I assent to the proposition that it was error for the trial court to exclude evidence as to whether plaintiff had ever complained of the alleged nuisance to defendant's agent or employés.    A nuisance is an unwarrantable act which constitutes a wrong, "producing such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage." Whoever commits a nuisance is a wrongdoer, and he commits the act at his peril.    The sufferer is not bound to watch, protest, object, or complain of the wrong he suffers, and, if not, his neglect to do so should not be deemed material in affecting his credibility as to the existence or extent of the nuisance.    The law presumes that each person knows the law, and it does not cast the duty upon others of complaining to him that he does not obey it, and his rights should not suffer because he does not do it.    I therefore dissent.