LAND, J.
This suit was instituted to ¡abate defendant’s tallow plant as a nuisance and to recover damages in the sum of 83,000. A preliminary injunction was sued out, but was dissolved on bond.
The defendant for answer pleaded the .general issue, and averred that he was carrying on a lawful business under a permit from the police jury issued in October, 1895. On the day of the trial defendant filed a •supplemental answer, and annexed thereto a copy of an ordinance of the police jury relative to tallow, fertilizer, and rendering plants, adopted and promulgated in May, 1907, about four months after the institution of the suit. In this answer defendant averred that he had complied with all the requirements of the ordinance relative to tallow plants. On the same day the defendant, without waiving his rights; tendered and offered to the plaintiff “to forever cease to operate his plant * * * except under the conditions provided for” in said ordinance. The case was tried, and, after the examination of a large number of witnesses, judgment was rendered in favor of the plaintiff, perpetuating the injunction to the extent of restraining the defendant from operating his tallow plant, except with the use of modern deodorizers and underground drainage, as provided by the ordinance aforesaid, and condemning the defendant to pay costs only up to the date of the so-called tender; otherwise, the judgment was in favor of the defendant.
This case must be decided on the state of facts existing at the date of the filing of the suit. On the evidence there can be no doubt (1) that the defendant had been operating his plant for months in violation of an ordinance adopted by the local board of health in September, 1904, requiring the use of modem deodorizers, proper drainage, and the removal within 24 hours of all solid animal refuse, and prohibiting the keeping on the premises of any raw material longer than the day on which it was received, and (2) that his plant and premises were a stench in the nostrils of his neighbors.
While we agree with the trial judge that the evidence is not sufficiently certain to warrant an award of damages for the alleged depreciation in value of plaintiff’s property, or the destruction of his growing vegetables by reason of the overflow of the ditch into which was emptied the liquid and solid *604 refuse from tlie plant of the defendant and from other rendering plants, we cannot concur in his conclusion that plaintiff is not entitled to damages in some amount for the pollution of the air which he and his family were compelled to breathe by reason of the unlawful acts of the defendant. Personal discomfort and annoyance resulting from a nuisance is the primary consideration in allowing damages, although there is no arithmetical rule for their estimation. There is in such cases an injury, the extent of which the jury or the court may measure. Bal. & Potomac R. R. Co. v. Church, 108 U. S. 335, 2 Sup. Ct. 719, 27 L. Ed. 739.
In view of the long toleration of such plants in the vicinity and other facts and circumstances, we deem an award of $100 as damages, and the infliction of costs, sufficient for the purposes of justice in the present case.
We agree with the district judge that the evidence shows that the defendant’s plant may be operated without becoming a nuisance by the strict observance of all the requirements of the existing police regulations.
It is therefore ordered that the judgment appealed from be reversed, except as to the perpetuation of the injunction, and it is further ordered that the plaintiff, Siles Labasse, do have and recover of the defendant, Pierre Piat, the sum of $100 as damages, with legal interest from this date, and all costs in both courts.