## CITY OF ARDMORE v. COLBERT.

No. 5744.   Opinion Filed September 28, 1915.

Rehearing Denied November 9, 1915.

(152 Pac. 603.)

1. **JUDGMENT—Sufficiency of Petition.** Where the petition states facts sufficient to constitute a cause of action against defendant in damages for the maintenance of a public nuisance, **held,** that it was not material that plaintiff did not demand the precise relief to which he was entitled, or that he mistook the true rule of damages; that he was entitled to whatever legal damages were recoverable for the wrong.

2. **MUNICIPAL CORPORATIONS—Discharge of Sewage—Liability for Damages.** Where a municipal corporation discharged sewage in a creek, polluting the waters of the stream, and causing it to become foul and impregnated with noxious and poisonous substances which were offensive to smell and a menace to the health of persons living or working in that vicinity, rendering it impossible for plaintiff and his tenants to cultivate his adjacent land, and rendering the same less valuable, thereby creating and maintaining a nuisance, such corporation is liable in damages for the maintenance of such nuisance.

3. **APPEAL AND ERROR—Law of the Case—Decision on Former Appeal.** As general rule, a question decided by the Supreme Court on appeal becomes the law of the case in all its stages, and is not open for consideration on second appeal.

(Syllabus by Galbraith, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Walter Colbert against the City of Ardmore. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 31 Okla. 537, 122 Pac. 508.

*Frank Adams* and *I. R. Mason,* for plaintiff in error.

*Harreld & Ward* and *Cruce & Potter,* for defendant in error.

Opinion by GALBRAITH, C.  This is an appeal from the judgment of the trial court rendered upon the verdict of a jury awarding the defendant in error damages against the plaintiff in error.  The petition, after alleging that the city of Ardmore was a municipal corporation, and that the plaintiff was the owner of the N. W. ¼ of section 25, township 4 south, range 1 east, located in Carter county, and near the western boundary of the city of Ardmore, charged:

"(3) That a branch of Hickory creek runs along the west side of the city and near the lands of Colbert.

"(4) That during the years 1907 and 1908 the city of Ardmore constructed a portion of its sewer system, and caused to be dumped into said Hickory creek the sewage of the city of Ardmore connected with that portion of its sewage system; that such dumping ground was in close proximity to the lands described; that all of such acts by the city of Ardmore were wrongful and wanton and in utter disregard of the rights of the complainant; that, as a result of emptying said sewage, there has collected large quantities of sewage and filth offensive to smell and a menace to the health; that offensive odors from said sewage permeates and spreads over the entire area of lands described, so that it is impossible for the said Colbert and his tenants to cultivate said lands without subjecting them to great annoyance, greatly menacing the health of each; that his tenant in one of the houses has

been compelled to remove therefrom, and thereby has destroyed the rental value of said house; that said stream is not of sufficient size and does not carry the sewage or any part thereof; that said lands as described are part of the homestead of Colbert, which he has been occupying as such for many years; that his enjoyment of same as a homestead has been greatly diminished by the wrongful acts of the city of Ardmore; that he rents a greater portion of said lands, and that the rental value thereof has been greatly depreciated by the wrongful acts of the city of Ardmore, and that he is precluded from getting good tenants by reason of said wrongful acts; that the reasonable value of said lands prior to the acts complained of was $100 per acre; that the reasonable value of said lands now is $8,000, or a damage of $8,000, wherefore he prays judgment for damages of $8,000, and costs."

The answer admitted that on February 18, 1907, the city of Ardmore commenced to empty a small part of its sewage into Hickory creek, and alleged further:

"(3) That during the year 1910 the city of Ardmore caused to be built and constructed what is known as a septic tank; that the sewage that theretofore had been emptied into Hickory creek was caused to empty into the septic tanks; that said septic tanks were constructed along scientific lines, and that there is nothing but a clear stream of water flowing from said tanks; that said tanks are doing their full duty and intended purpose; that no filth, dirt, and offensive sewage is now emptied into said stream; and that, if said Colbert ever had any cause of action, which is denied, it has been abated by the construction of the septic tanks herein pleaded."

This is the second time this cause has been presented to this court. When the cause was commenced July 31, 1909, the plaintiff in error presented a demurrer to the petition, which was sustained by the trial court, and, the defendant in error electing to stand upon his petition and

refusing to amend, judgment was rendered against him for costs. He prosecuted an appeal to this court, where it was held that the petition stated a good cause of action, and where the judgment was reversed and the cause remanded for further proceedings.

The law of the case is declared in the former opinion of this court, *Colbert v. City of Ardmore,* 31 Okla. 537, 122 Pac. 508, and is announced in the syllabus as follows:

"Where the petition states facts sufficient to constitute a cause of action against defendant in damages for the maintenance of a public nuisance, *held,* that it was not material that plaintiff did not demand the precise relief to which he was entitled, or that he mistook the true rule of damages; that he was entitled to whatever legal damages were recoverable for the wrong.

"Where a municipal corporation discharged sewage in a creek, polluting the waters of the stream, and causing it to become foul and impregnated with noxious and poisonous substances which are offensive to the smell and a menace to the health of persons living or working in that vicinity, rendering it impossible for plaintiff and his tenants to cultivate his adjacent land, and rendering the same less valuable, thereby creating and maintaining a nuisance, such corporation is liable in damages for the maintenance of such nuisance."

The law of the case being settled, and the liability of the city of Ardmore to the defendant for the injury sustained by the acts charged in the petition being fixed by the decision of this court as above recited, it was only necessary, when the cause was remanded, for the trial court and jury to ascertain the amount of the damages sustained. It was conceded by the plaintiff in error that some injury was done the defendant in error by dumping the sewage in Hickory creek from February 18, 1907, up

until the construction of the septic tanks in the year 1910, but it is contended that for all injury sustained prior to two years before beginning the action the two-year statute of limitation was a bar to a recovery. This statute being specifically pleaded, it is not necessary to determine whether this contention is true or not, since the action was commenced July 31, 1909. The trial court fairly and fully instructed the jury as to the issues arising upon the pleadings and the evidence, and correctly advised as to the law of the case as declared by this court in the decision above cited. No errors of law appear from the record. The amount of the damage was a question for the jury. Colbert testified that his land was worth $100 per acre, or $16,000 prior to the time this sewage was dumped into Hickory creek, and, owing to the conditions created by this act, his property depreciated in value 40 per cent. or 60 per cent. As to the conditions created by this act of the city complained of he testified specifically:

"Q. State whether or not there is any odor there? A. There is a very offensive odor there that will almost knock you down; it stinks worse than a dead horse. Q. State to what extent that is and how often it is? A. It is worse there of a warm, sultry day, morning or evening. Q. About how far can you smell that? A. I suppose you can smell it 500 or 600 yards from that place when the wind is blowing from the south."

Colbert was corroborated as to the condition created and the injury sustained in a measure by other witnesses. It is true there was much testimony to the effect that the injury sustained by Colbert was slight. There is evidence to support the verdict of the jury, and the same is therefor binding on this court.

It is earnestly contended that the law as announced by the court in the *City of Ardmore v. Orr*, 35 Okla. 305,

129 Pac. 867, should have been applied in the trial of this case. In the Orr Case damages were claimed on account of the failure of the city to make a culvert large enough to carry off surface or flood water, and on account thereof plaintiff's property overflowed and was damaged. The cause was temporary and easily remedied, while in the instant case the claim was for permanent injury from a continuing nuisance. The law of this case was declared by this court when the cause was here on the first appeal, and that remains the law of the case in all subsequent stages of the cause.

The second paragraph of the syllabus in *Harper v. Kelly et al.*, 29 Okla. 809, 120 Pac. 293, reads:

"As a general rule, a question decided by the Supreme Court on appeal becomes the law of the case in all its stages, and is not open for consideration on second appeal."

See, also, *Oklahoma City Elec. Co. v. Baumhoff*, 21 Okla. 503, 96 Pac. 758; *C., R. I. & P. R. Co. v. Broe*, 23 Okla. 396, 100 Pac. 523; *First Nat. Bank v. Keys*, 27 Okla. 704, 113 Pac. 715.

A number of assignments of error argued in the brief we do not consider entitled to specific consideration.

We find no prejudicial error in the record, and therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.