# CITY OF CUSHING v. LUKE.

No. 10178—Opinion Filed June 28, 1921.

(Syllabus.)

1. **Municipal Corporations—Pollution of Stream—Liability of City.**

Where a municipal corporation discharges sewage into a river or creek, polluting the water of the stream, causing it to become foul, and impregnated with noxious and poisonous substances, rendering it unfit for domestic or other uses, and thereby creating and maintaining a nuisance, which is detrimental to health, comfort, and repose of a lower riparian owner and diminishes the value of his land, such municipal corporation is liable for damages arising from the maintenance of such nuisance.

2. **Same—Instructions—Harmless Error.**

Instructions given and instructions refused by the trial court examined. Held, that the errors complained of are either without merit or harmless under section 6005, Rev. Laws 1910.

3. **Same—Verdict—Excessiveness—Sufficiency of Evidence.**

Record examined, and held: (1) That the verdict of the jury was not excessive. (2) That the evidence reasonably tends to support the verdict of the jury and the judgment entered thereon.

Error from District Court, Payne County; John P. Hickam, Judge.

Action by Maggie Luke against the city of Cushing for damages from pollution of stream. Judgment for plaintiff, and defendant brings error. Affirmed.

J. M. Grubbs, City Atty., for plaintiff in error.

F. A. Rittenhouse and R. A. Lowry, for defendant in error.

KANE, J. This was an action by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover damages alleged to have been sustained by the plaintiff by the pollution of Cottonwood creek, which flows across an 80-acre tract of land belonging to the plaintiff and upon which she resided.

Upon trial to a jury there was a verdict in favor of the plaintiff in the sum of $1,000, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

It was alleged that the damage claimed was caused by the overflow of the city's septic tank into Cottonwood creek. The undisputed evidence shows that the septic tank was too small to handle adequately the amount of sewage delivered to it through the city's mains, and that it was improperly constructed; that by reason of such inadequate and improper construction, the sewage was permitted to flow over the plaintiff's land, following the channel of Cottonwood creek, in such a foul and noxious condition as to seriously interfere with the comfort of the plaintiff in the occupancy, use, and enjoyment of her home and premises.

The grounds for reversal argued by counsel for defendant in their brief may be briefly summarized as follows:

(1) The court erred in refusing to give instructions offered by the city.

(2) The court erred in giving instructions Nos. 1, 2, and 3 of its general charge.

(3) The damages were excessive.

(4) The court erred in overruling the city's demurrer to plaintiff's evidence.

In regard to the grounds for reversal based upon the action of the court in giving and refusing to give the instructions complained of, counsel say:

"For the reason that the instructions are vague, indefinite and are stated abstractly and are not made applicable to the facts proven in the case, and do not correctly state the law, and that the court invaded the province of the jury, the city contends that reversible error was committed in said instructions and that it is entitled to a new trial."

In answer to this general attack upon the actions of the court it is sufficient to say that we have examined the record carefully and are convinced that the instructions given by the court substantially state the law applicable to the issues joined by the pleadings and the evidence.

Moreover, it is not every error of this sort that will warrant the Supreme Court in reversing the judgment of the trial court. Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

After an examination of the entire record we are satisfied that the errors complained of have not resulted in a miscarriage of justice.

The case at bar is similar to several other cases previously decided by this court, holding that where a municipal corporation discharges sewage into a river or creek, polluting the water of the stream, causing it to become foul, and impregnated with noxious and poisonous substances, rendering it unfit for domestic or other uses, and thereby creating and maintaining a nuisance, which is detrimental to the health, comfort, and repose of

a lower riparian owner and diminishes the value of his land, such municipal corporation is liable for damages arising from the maintenance of such nuisance. Following are a few of the cases to this effect: Markwardt v. City of Guthrie, 18 Okla. 32, 90 Pac. 26; Colbert v. City of Ardmore, 31 Okla. 537, 122 Pac. 508; City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136; City of Cushing v. High, 73 Oklahoma, 175 Pac. 229.

In the latter case, which seems to be precisely in point, the court held:

"In this jurisdiction it is well settled that where the injury complained of is susceptible of remedy and abatement by the expenditure of money or labor, the owner is entitled to recover only such damages as have accrued on account of the impaired or lost use of his property up to the time of the suit."

The uncontradicted evidence showing that the plaintiff is entitled to substantial damages, the rule applies that where a case is tried to a jury and is submitted under proper instructions and there is evidence tending to support the verdict of the jury, such verdict will not be disturbed on appeal to the Supreme Court. The evidence in this case reasonably tends to sustain the verdict rendered by the jury.

As counsel for plaintiff in error cites no authorities sustaining any of his contentions and the authorities cited by the defendant in error reasonably tend to support the judgment of the trial court, it follows that the same must be affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.