## OKLAHOMA CITY v. TYTENICZ.

No. 25711. April 16, 1935.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

Dabney, Lawson, Rakestraw & Benson, for defendant in error.

PER CURIAM. This is an action in which the defendant in error, plaintiff below, as a riparian owner, sues the city of Oklahoma City, plaintiff in error, defendant below, for temporary damage to 160 acres of land belonging to him, situated upon the North Canadian river, east of Oklahoma City.

The parties will be referred to herein as they appeared in the trial court.

The plaintiff's chief contention was that the defendant carelessly and negligently dumped its sewage and chemicals into the North Canadian river, which were carried by said river by and on the defendant's property, and produced such a foul odor at plaintiff's property that he was damaged thereby; and that the defendant, city of Oklahoma City, was negligent in that it did not build adequate disposal plants to take care of the sewage of the city. By stream line the farm was 33 miles from the point where the sewage was poured into the river. The case was tried to a jury, and a verdict for $450 was returned in favor of the plaintiff.

The first proposition urged by the defendant on this appeal is that the city is not liable, for the reason that it is not liable for the negligence of its agents in the operation of a governmental function. This contention is without merit, because this court held in Oklahoma City v. West, 155 Okla. 63, 7 P. (2d) 888, that the city of Oklahoma City was liable for throwing sew-

age into the North Canadian river which created a nuisance. The liability did not depend upon whether there was negligence upon the part of the city's agents or not, but on the mere fact that sewage was cast into the stream and it created a nuisance. City of Tecumseh v. Deister, 112 Okla. 3, 239 P. 582; Colbert v. City of Ardmore, 31 Okla. 537, 122 P. 508; City of Ardmore v. Colbert, 52 Okla. 235, 152 P. 603; City of Cushing v. Luke, 82 Okla. 189, 199 P. 578. The well-established rule is that a municipality is liable, irrespective of the negligence of its agents or the fact that it was carrying on a governmental function in maintaining a nuisance which is a common-law tort.

In 43 Corpus Juris, Municipal Corp. § 1734, the following statement is found:

"Where a municipal corporation creates or permits a nuisance by nonfeasance or misfeasance, it is guilty of tort, and like a private corporation or individual, and to the same extent, is liable for damages in a civil action to any person suffering special injury therefrom, irrespective of the question of negligence; and such liability cannot be avoided on the ground that the municipality was exercising governmental powers. * * *"

This rule as to negligence is supported by the following cases: Brigeman-Russell Co. v. Duluth, 158 Minn. 509, 197 N. W. 971; Wiltse v. Red Wing, 99 Minn. 255, 109 N. W. 114; City of Paris v. Jenkins, 57 Tex. Civ. App. 383, 122 S. W. 411. And on the governmental function question it is supported by the following cases: District of Columbia v. Totten, 55 App. D. C. 312, 5 F. (2d) 374, 40 A. L. R. 1461; City of Newcastle v. Harvey, 54 Ind. App. 243, 102 N. E. 878; City of New Albany v. Slider, 21 Ind. App. 392, 52 N. E. 626; Hart v. Union County, 57 N. J. Law, 90, 29 A. 490; Jones v. Sanitary District of Chicago, 252 Ill. 591, 97 N. E. 210; Sadlier v. City of New York, 40 Misc. 78, 81 N. Y. S. 308; Kobbe v. Village of New Brighton, 23 App. Div. 243, 48 N. Y. S. 990; City of Madisonville v. Hardman, 92 S. W. 930, 29 Ky. Law Rep. 253.

The defendant complains of the following instructions:

"9. You are further instructed that the owner of land adjoining and abutting upon a river has a right to the use of the water in said stream for domestic purposes, and you may take into consideration, such damage, if any, as is shown by a preponderance of the evidence that the plaintiff has sustained for the loss of the use of such water for such purpose.

"10. You are instructed that if you find for the plaintiff, his measure of damages is such a sum as will reasonably compensate him for the discomforts and annoyance he has suffered by reason of the offensive odors coming from the waters of said river which may have annoyed the plaintiff in the quiet and peaceful occupation of his home, and for the loss in the use of the waters of said stream, all for a period of two years prior to the institution of this suit on the 23d day of April, 1932, and in determining this question of damage you may not enter into the realm of speculation or conjecture, but base the same solely upon the evidence and award your judgment accordingly, which shall not exceed the sum of $5,000. You cannot consider any element of exemplary damages or speculative damages in arriving at your verdict."

Instruction No. 7 (not herein set out) and instruction No. 10 permitted the jury to consider the inconvenience, discomfort, and annoyance to which the plaintiff had been subjected by virtue of a nuisance. The defendant urges that this question of personal discomfort, annoyance, and inconvenience is an element in the loss of usable or rental value, and cited a number of authorities to sustain this position, the leading cases being Swift v. Broyles, 115 Ga. 885, 42 S. E. 277, 58 L. R. A. 390, and Southern Ry. Co. v. Routh, 161 Ky. 196, 170 S. W. 520; but this court in the case of City of Weatherford v. Rainey et al., 151 Okla. 183, 3 P. (2d) 153, has adopted the contrary rule, which is that the personal inconvenience, annoyance, and discomfort is a separate and distinct element of damage from that of the usable or rental value, and this position is sustained by numerous authorities in the United States, among which are Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739; United States Smelting Company v. Sisam (C. C. A.) 191 F. 293, 37 L. R. A. (N. S.) 976; Adams Hotel Co. v. Cobb, 3 Ind. T. 50, 53 S. W. 478; Pierce v. Wagner, 29 Minn. 355, 13 N. W. 170; Millett v. Minnesota Crushed Stone Company, 145 Minn. 475, 177 N. W. 641, 179 N. W. 682; Randolf v. Town of Bloomfield, 77 Iowa, 50, 41 N. W. 562, 14 Am. St. Rep. 268; Judson v. Los Angeles Suburban Gas Company et al., 157 Cal. 168, 106 P. 581, 26 L. R. A. (N. S.) 183, 21 Ann. Cas. 1247; Berger v. Minneapolis Gaslight Co., 60 Minn. 296, 62 N. W. 336; Labasse v. Piat, 121 La. 601, 46 So. 665; and 46 Corpus Juris, Nuisances, § 498.

We think that the defendant could and should have required the plaintiff to have separately stated and numbered his causes of action in the petition, because the cause of action for personal inconvenience, an-

noyance, and discomfort is for injury to person, while the loss of water for domestic use is a property damage.

There was no evidence offered on the question of the depreciation in the usable value of the plaintiff's real estate by virtue of the loss for domestic purposes of the use of the water from the river. The inclusion of this element in instructions 9 and 10, in the light of the evidence, constituted reversible error under the case of City of Weatherford v. Rainey et al., supra. This court specifically held in that case that, where there was no evidence offered which established the usable value of the property during the period in which the maintenance of the nuisance was complained of, it was error to submit the question of usable value to the jury, for that permitted the jury to surmise as to the amount of damage that the plaintiff sustained by virtue of the impaired use of the property. There is no yardstick for measuring injuries to the person, but for injuries to property there can be evidence offered to show the extent of the injury, expressed in dollars and cents. We are unable to say here how much the jury allowed for injury to the person and how much for injury to the property. It was a burden cast upon the plaintiff to prove the extent of the damage to the realty. Ribblett v. Cambria Steel Co., 251 Pa. 253, 96 A. 649; Bokoshe Smokeless Coal Co. v. Bray et al., 55 Okla. 446, 155 P. 226; Root Refineries, Inc., v. Robertson, 176 Ark. 353, 3 S. W. (2d) 57; Hollenbeck v. City of Marion, 116 Iowa, 69, 89 N. W. 210.

Under the evidence there can be no question as to the plaintiff's right to recover in this action both for injury to person and injury to property, but the case must be reversed for a new trial, in order that evidence might be received as to the depreciation in the usable value of this property by virtue of the nuisance created by the defendant. Of course, the question of whether or not the condition created by the defendant constituted a nuisance is one for the jury.

Cause reversed and remanded for a new trial.

The Supreme Court acknowledges the aid of District Judge Harry L. S. Halley in the preparation of this opinion. The district judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, upon consideration, this opinion, as modified, was adopted by the court.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and GIBSON, JJ., concur.