## OKLAHOMA CITY v. McALLISTER.

No. 25599.   Oct. 15, 1935.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

Charles E. McPherren, Neal E. Maurer, and Fred L. Sikes, for defendant in error.

RILEY, J. This is an appeal from a judgment in the sum of $500, in favor of defendant in error, plaintiff below, and against the municipal corporation, defendant below.

F. A. McAllister for eight years owned, farmed, and occupied a residence located upon 160 acres of land near Luther, Okla. The waters of Deep Fork creek flow through the farm of plaintiff. The municipal corporation emptied a part of its sewage into Deep Fork creek, and by reason of inadequate facilities and improper treatment, this sewage gave off foul and offensive odors about plaintiff's farm. As a result of this sewage the waters of said creek became unfit for stock use or domestic purposes, and plaintiff was deprived of the use, benefit, and enjoyment of the said water and stream so located upon his land.

Based upon these allegations, plaintiff in the first cause of action sought damages in the sum of $2,500, and by a second cause of action sought abatement of the nuisance. The result was as aforesaid.

Instruction No. 8 given below, is in words and figures as follows:

"No. 8, You are instructed that if your verdict is for plaintiff you should fix his recovery at such sum as will reasonably compensate him for the injury. he has sustained, and in doing so you may take into consideration the inconvenience, annoyance and discomfort of the plaintiff in the use of his premises, if any, and the depreciated usable value of the premises, if any, but in no event will your verdict exceed the sum of $2,500, and said recovery must be limited to the injury sustained by the plaintiff, if any, between the 25th day of May, 1931, and this date."

The giving of this instruction constituted error.

It is established by the evidence, and we know in the very nature of such things, that there is a depreciated rental or usable value to these lands directly attributable to the nuisance caused by the manner of disposal of this sewage, but what is the amount of depreciation? The evidence fails to show. Therefore, assuming that personal inconvenience, annoyance, and discomfort to occupants of realty (injury to the person) may be considered an element of damage distinct and separate from injury to land, it is impossible to know from the verdict or judgment in this case how much was allowed for either element of damage. Moreover, ground for the personal element was not set up in the petition as a separate cause of action.

Despite what was said in this connection in the case of Oklahoma City v. Tytenicz, 171 Okla. 519, 43 P. (2d) 747, this court was not theretofore committed in such cases to the doctrine that personal inconvenience, annoyance, and discomfort constituted a separate and distinct element of damage from that of injury to the land. See, also, Okla. City v. West, 155 Okla. 63, 7 P. (2d) 888.

The decision in City of Weatherford v. Rainey et al., 151 Okla. 183, 3 P. (2d) 153, relied upon in the Tytenicz Case to establish such an independent element of damage, disapproved an instruction based upon both elements of damages for the reason assigned that no evidence was adduced to support the one element of damage based on a depreciated usable value. It is true that this court in that case did not condemn except in general terms the instruction for the reason that the other element of damage, to wit, annoyance to the person, could not be allowed, especially as growing out of the same cause of action, and arising from injury to the realty. It was wholly unnecessary to condemn the instruction for more than one error. No such independent element of damage was recognized in the syllabus of that decision.

It is our present view that whatever annoyance and inconvenience to the person is occasioned by stench arising from such a nuisance is essentially a part of the injury to the usable value of the realty. Swift v. Broyles (Ga.) 42 S. E. 277, 58 L. R. A. 390; Junction City Lbr. Co. v. Sharp (Ark.) 123 S. W. 370. That is the very reason why it is less desirable to own, use, or rent land subject to the foul odors arising from such sewage. When damage is allowed for both elements, it is an allowance of double damages attributable to one wrong, and where the same is based on one cause of action, it is contrary to the general policy of the law.

Cases may arise as shown by the decisions of Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 27 L. Ed. 739, and Roxana Pet. Corp. v. City of Pawnee, 155 Okla. 141, 7 P. (2d) 663, where the long-recognized measure of damage cannot be

made to apply. In such cases courts should allow to be constructed a measure of damages by which the detriment suffered by the injury may be compensated, but unless the necessity occurs and unless a measure of damages is submitted, no recovery can be allowed, for to allow recovery in any substantial amount is to allow the jury to roam at large and by ipsi dixit take money from one and bestow it upon another without let or hindrance. We decline to follow cases that hold there is no yardstick for measuring in dollars and cents the detriment suffered in such cases. For even as applied to an allowance for pain and suffering, incident to a recovery for personal injuries, the rule of reason must govern.

It is not to be inferred that we hold an independent cause of action may not be set up, based upon actual injury to the person, as, for example, for sickness or death caused by sickness attributable to the same wrong which may have caused injury to realty and joined under liberality of Code pleading with a cause of action for damage to realty. But in any event for the primary recovery the detriment must be shown with exactness.

Where a nuisance causes a permanent injury to property, the measure of damages is the depreciated value of the property; that is, the difference between its value before and after the injury. If, however, as in the present case, the injury is not a permanent one, but only temporary or removable, the measure of damages is the depreciation in the rental or usable value of the property during the time of its maintenance, limited by the statute of limitation.

The mere fact that an owner elects to be at the same time his own landlord and tenant does not destroy this rule, for a usable value like a rental value may be calculated from the value of the investment and probable returns.

No special damages are alleged or proved. Neither the value of the farm nor the rental or usable value is shown. The court below, and this court, is unable to know the amount of detriment suffered and resulting from the acts and conduct of the municipal corporation.

Judgment reversed, cause remanded for a new trial.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.