### OKLAHOMA CITY v. EYLAR.

No. 25574.   Oct. 13, 1936.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

Sanford Babcock, for defendant in error.

OSBORN, V. C. J. This action was instituted in the district court of Oklahoma county by J. W. Eylar, hereinafter referred to as plaintiff, against the city of Oklahoma City, hereinafter referred to as defendant, to recover damages arising from the negligent operation of its sewer system. The cause was tried to a jury and a verdict was rendered in favor of plaintiff for the sum of $1,000. From a judgment on the verdict, defendant has appealed.

Plaintiff was the owner of a tract of land adjacent to the North Canadian river and occupied the same as his residence. The city of Oklahoma City emptied its sewage into said river. It is established by the verdict of the jury that either by the negligent operation of the sewer system, or by improperly treating the sewage, there was created foul and noxious odors which caused discomfort, annoyance, and inconvenience to plaintiff and his family, and that the right of plaintiff and his family to enjoy said premises as their home was thereby greatly diminished.

It is contended by defendant that the trial court should have limited plaintiff to proof of the nuisance to two years prior to the date of filing of the amended petition on October 28, 1933. The trial court limited the plaintiff in his proof of the wrong to two years prior to the institution of the present action on March 21, 1933.

No error exists in this regard. 49 C. J. 560; Symms Groc. Co. v. Burnham, etc., Co., 6 Okla. 618, 52 P. 918.

The second and third contentions made, being similar, are likewise decided.

The fourth proposition is that the city was not liable because engaged in performance of a governmental function.

There is no merit in this. Enid v. Brooks, 132 Okla. 60, 269 P. 241; Collinsville v. Brickey, 115 Okla. 264, 242 P. 249; Tecumseh v. Deister, 112 Okla. 3, 239 P. 582; City of Cushing v. Luke, 82 Okla. 189, 199 P. 578; Ardmore v. Colbert, 52 Okla. 235, 152 P. 603; City of Cushing v. High, 73 Okla. 151; 175 P. 229; Sayre v. Rice, 132 Okla. 95, 269 P. 361; City of Edmond v. Billen, 170 Okla. 37, 38 P. (2d) 564; Oklahoma City v. West, 155 Okla. 63, 7 P. (2d) 888; Markwardt v. Guthrie, 18 Okla. 32, 90 P. 26, 9 L. R. A. (N. S.) 1150; 43 C. J. 1149.

Complaint is made of the following instruction:

"If you believe from the evidence, facts and circumstances that the said defendant discharged refuse, residue or sewage from its disposal plant into the said North Canadian river, because of its negligent failure properly to construct and maintain a disposal plant sufficient to take care of the sewage of the city, so that it would not pollute the water in the said river; that it negligently failed to repair the broken sewer line where it crossed the North Canadian river and negligently permitted quantities of raw sewage to pass directly into said river; and that because of the discharge of the said matter into said water, the said water became polluted and impregnated with substances creating foul and noxious odors; that the said foul and noxious odors permeated and spread over the area around the plaintiff's house and premises and interfered with the comfort of himself and his family and subjected them to great annoyance and discomfort, then your verdict should be for the plaintiff for such sum as will reasonably compensate him for the discomforts and annoyance he has suffered, if any, by reason of such offensive odors and discomforts and the interference of his quiet and peaceful occupancy of his home, for the period of two years prior to the 21st day of March, 1933, not in any sum, however, exceeding $5,000."

The issue raised by the above instruction has resulted in some conflict in the recent decisions of this court regarding the measure of damages for annoyance and discomfort occasioned by the maintenance of a nuisance. In the case of Oklahoma City v. Hopcus, 174 Okla. 186, 50 P. (2d) 216, it was held that the owner of a farm which he occupied as a home was entitled to compensation for annoyance and discomfort occasioned by the maintenance by another of a nuisance adjacent thereto, but the measure of damages to be awarded is the diminution in the rental or usable value of the premises. The same rule was adopted in the case of Oklahoma City v. McAllister, 174 Okla. 208, 50 P. (2d) 361, and in the case of Oklahoma City v. Tyetenicz, 175 Okla. 228, 52 P. (2d) 849. In another case styled Oklahoma City v. Tyetenicz, 171 Okla. 519, 43 P. (2d) 747, it was held that personal inconvenience, annoyance, and discomfort to the occupant of real estate is a separate and distinct element of damage from that of the depreciation of the usable or rental value of the real estate occupied. We quote from the body of the opinion as follows:

"Instruction No. 7 (not herein set out) and instruction No. 10 permitted the jury to consider the inconvenience, discomfort, and annoyance to which the plaintiff had been subjected by virtue of a nuisance. The defendant urges that this question of personal discomfort, annoyance, and inconvenience is an element of the loss of usable or rental value, and cited a number of authorities to sustain this position, the leading cases being Swift v. Broyles, 115 Ga. 885, 42 S. E. 277, 58 L. R. A. 390, and Southern Ry. Co. v. Routh, 161 Ky. 196, 170 S. W. 520; but this court in the case of City of Weatherford v. Rainey, 151 Okla. 183, 3 P. (2d) 153, has adopted the contrary rule, which is that the personal inconvenience, annoyance, and discomfort is a separate and distinct element of damage from that of the usable or rental value, and this position is sustained by numerous authorities in the United States, among which are Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739; United States Smelting Co. v Sisam (C. C. A.) 191 F. 293, 37 L. R. A. (N. S.) 976; Adams Hotel Co. v. Cobb, 3 Ind. T. 50, 53 S. W. 478; Pierce v. Wagner, 29 Minn. 355, 13 N. W. 170; Millett v. Minnesota Crushed Stone Company, 145 Minn. 475, 177 N. W. 641, 179 N. W. 682; Randolf v. Town of Bloomfield, 77 Iowa. 50, 41 N. W. 562, 14 Am. St. Rep. 268; Judson v. Los Angeles Suburban Gas Co., 157 Cal. 168, 106 P. 581, 26 L. R. A. (N. S.) 183, 21 Ann. Cas. 1247; Berger v. Minneapolis Gaslight Co., 60 Minn. 296, 62 N. W. 336; Labasse v. Piat, 121 La. 601, 46 So. 665; and 46 Corpus Juris, Nuisances, sec. 498."

It is noted that the conflict in these cases is irreconcilable.

There can be no doubt that damages for personal inconvenience, discomfort, and annoyance caused by the maintenance of a nuisance are recoverable in a proper action. There is authority supporting the view that depreciation in rental value of a dwelling house may be looked to as furnishing a proper evidentiary guide for determining the extent of the annoyance and discomfort actually suffered. Swift v. Broyles, 115 Ga. 85, 42 S. E. 277, 58 L. R. A. 390; Junction City Lbr. Co. v. Sharp, 92 Ark. 538, 123 S. W. 370; Standard Oil Co. of Kentucky v. Bentley, 260 Ky. 185, 84 S. W. (2d) 20. The weight of authority, however, supports the view that damages for inconvenience, discomfort, and annoyance caused by the maintenance of a nuisance are separate, distinct, and independent elements of damage. Damages for depreciation in value of land and for physical discomfort resulting from a nuisance may be recovered in the same action. Cross v. Texas Military College (Tex. Civ. App.) 65 S. W. (2d) 794.

In the case of Baltimore & P. R. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 S. Ct. 719, 27 L. Ed. 739, it was said:

"Mere depreciation of the property was not the only element for consideration. That might, indeed, be entirely disregarded. The plaintiff was entitled to recover because of the inconvenience and discomfort caused to the congregation assembled, thus necessarily tending to destroy the use of the building for the purposes for which it was erected and dedicated. The property might not be depreciated in its salable or market value, if the building had been entirely closed for those purposes by the noise, smoke, and odors of the defendant's shops. It might then, perhaps, have brought in the market as great a price to be used for some other purpose. But, as the court below very properly said to the jury, the congregation had the same right to the comfortable enjoyment of its house for church purposes that a private gentleman has to the comfortable enjoyment of his own house, and it is the discomfort and annoyance in its use for those purposes which is the primary consideration in allowing damages. As with a blow on the face, there may be no arithmetical rule for the estimate of damages. There is, however, an injury, the extent of which the jury may measure."

In the case of Boyd v. City of Oskaloosa (Iowa) 161 N. W. 491, it is said:

"Appellant's counsel, assuming that two elements of damages were included in these instructions: (1) Depreciation of rental value, and (2) inconvenience and discomfort of plaintiff and family in the enjoyment of their home—argues that the jury found against plaintiff on the first of these, and, as to the last, that inconvenience and discomfort were without injurious consequences such as sickness and the like, or loss of use of or injury to property, are not enough to warrant the allowance of damages in a substantial amount. That the last proposition is utterly untenable sufficiently appears from the previous decisions of this court. Though injurious consequences, such as sickness and injury to property, may be shown, proof of inconvenience and discomfort from noisome odors and offensive smells, occasioned by the maintenance of a nuisance, are alone sufficient basis for the allowance of damages. Van Fossen v. Clark, 113 Iowa, 86. 84 N. W. 989, 52 L. R. A. 279; Holbrook v. Griffis, 127 Iowa, 505. 103 N. W. 479; cases collected in 29 Cyc. 1272."

In the case of Barbara Dauberman v. Grant, 198 Cal. 586. 246 P. 319, 48 A. L. R. 1244, following Judson v. Los Angeles Suburban Gas Co., 157 Cal. 168, 106 P. 581, 26 L. R. A. (N. S.) 183, 21 Ann. Cas. 1247, it is said:

"It is not necessary to recovery to show actual damage to property caused by the nuisance of smoke and soot, as one is entitled

to recover for personal discomfort and annoyance to which he has been thereby subjected."

In the case of United States Smelting Co. v. Sisam (C. C. A.) 191 Fed. 293, it is said:

"If a corporation may recover damages because the discomforts of individuals seeking to worship in its building tend to destroy the use of its church for the purposes for which it was erected, may not a householder recover damages because the discomforts of his wife and the other members of his family caused by a nuisance tend to destroy the use of his home and farm for the purposes for which he obtained and maintains it? The following authorities sustain the court below in its affirmative answer to that question: Pierce v. Wagner, 29 Minn. 355, 13 N. W. 170; Friburk v. Standard Oil Co., 66 Minn. 277, 68 N. W. 1090; Mills v. Hall & Richards, 9 Wend. (N. Y.) 315, 316, 24 Am. Dec. 160; Kearney v. Farrell, 28 Conn. 317, 73 Am. Dec. 677; Missouri, K. & T. Ry. Co. v. Anderson, 36 Tex. Civ. App. 121, 81 S. W. 781, 788; S ory v. Hammond, 4 Ohio, 376; Ellis v. K. C., St. J. & C. B. B. R. R. Co., 63 Mo. 131, 134, 21 Am. Rep. 436. And the conclusion is that the owner of a residence which is rendered inconvenient, uncomfortable, and unhealthy as a home by the nuisance of sulphurous fumes and their products thrown upon it by another may prove and recover in an action therefor the damages he suffers himself from the discomfort and sickness thereby inflicted upon his wife and the other members of his family who lived with him in his residence, although he may not, and his wife alone may, maintain the cause of action for the direct personal injury to her."

In the case of Ohio Stock Food Co. v. Gintling, 22 Ohio Appeals, 82, 153 N. E. 341, it is said:

"The evidence shows that during the time plaintiff occupied her farm as a homestead she suffered annoyances and inconveniences as a result of the wrongful operation of the defendant's farm. It is, of course, true that she did not offer any evidence of any pecuniary loss which she suffered during such time; but how could she? Is she therefore to be without compensation for her injuries? Is a person injured in an accident to be deprived of compensation for the pain and suffering endured because he cannot offer evidence of what the pain and suffering were worth from a pecuniary standpoint? The law is too humane to adopt such a rule, and has therefore established the principle that one injured may recover for pain and suffering without evidence of its pecuniary value, and it has also established the rule that for injuries to one's homestead, caused by a nuisance, the owner of such homestead may recover for such injuries without evidence of pecuniary value."

In addition to the authorities cited in the body of the opinion in the case of Oklahoma City v. Tyetenicz, 171 Okla. 519, 43 P. (2d) 747, and the other authorities we have heretofore referred to, see the following: New York Elev. Ry. Co. v. Fifth Nat. Bank, 135 U. S. 432; Richards v. Washington Terminal Co., 233 U. S. 546; Summerville v. Chesapeake & Potomac Telephone Co., 258 Fed. 147; Daniel v. Ft. Worth & Rio Grande R. R. Co., 96 Tex. 327, 72 S. W. 578; Nailor v. C. W. Blakeslee & Sons, 117 Conn. 241, 167 A. 548; 4 Sutherland on Damages (4th Ed.) para. 1048, p. 3890; Kempinski v. Tuthil Bldg. Material Co., 255 Ill. App. 375; 46 C. J. 681-682; 20 R. C. L. page 470, para. 86. See, also, Wilson v. City of Portland (Ore.) 58 P. (2d) 257.

It is urged, however, that there is no precise rule or yardstick by which damages for personal annoyance, inconvenience, or discomfort may be measured. Section 9956, O. S. 1931, provides:

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

Section 9957, O. S. 1931, provides:

"Detriment is a loss or harm suffered in person or property."

It is true that there is no accurate arithmetical rule by which such damages may be measured. Nor can damages for physical pain and suffering or mental anguish or for libel and slander be definitely and arithmetically measured. But the injury having been inflicted, the damages must be reasonable and must not be more than sufficient to compensate the injured party for such injury. The issue is in the first place one for the trier of the facts, and trial courts should be vigilant to see that such determination is in accord with innate principles of right and justice. In the case of Lebasse v. Piat (La.) 46 So. 665, it is said:

"Personal discomfort and annoyance resulting from a nuisance is the primary consideration in allowing damages, although there is no arithmetical rule for their estimation. There is in such cases an injury, the extent of which the jury or the court may measure. Bal. & Potomac R. R. Co. v. Church, 108 U. S. 335, 2 S. Ct. 719, 27 L. Ed. 739."

In Wood on Nuisances, para. 886, the author says:

"In the cause of an action for an injury to the comfortable enjoyment of property by a person in possession, no precise rule for as-

certaining the damage can be given, as, in the very nature of things, the subject-matter affected is not susceptible of exact measurement; therefore the jury are left to say what, in their judgment, the plaintiff ought to have in money, and what the defendant ought to pay, in view of the discomfort or annoyance to which the plaintiff and his family have been subjected by the nuisance; and whether the verdict is large or small, if, in view of the evidence, it has any reasonable foundation, it will not be disturbed because it is too small on the one hand, or too large on the other."

It is urged that the evidence in this case does not justify the verdict and judgment rendered herein, in that the evidence is not specific in various details. We have carefully reviewed the evidence, and while such evidence may have been more specific and definite, we cannot say that there is not sufficient evidence to support said judgment.

In so far as the cases of Oklahoma City v. McAllister, 174 Okla. 208, 50 P. (2d) 361; Oklahoma City v. Hopcus, 174 Okla. 186, 50 P. (2d) 216, and Oklahoma City v. Tyetenicz, 175 Okla. 228, 52 P. (2d) 849, are in conflict with the views herein expressed, they are specifically overruled.

The judgment is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. RILEY and GIBSON, JJ., dissent.