This suit is a sequel to Meyer v. McClellan, La. App.,26 So.2d 373. Dr. Herbert H. Meyer, plaintiff, is the owner of an apartment dwelling located in St. Charles Avenue, City of New Orleans. Byron C. McClellan was his tenant and occupied Apartment "G" under a verbal month to month lease. Dr. Meyer, desiring possession of the apartment for his own use and occupancy, after proper notices to vacate, brought a rule in the Civil District Court on February 1, 1946, seeking the eviction of McClellan. The rule was made absolute and McClellan appealed suspensively from the judgment to this court, and furnished his appeal bond conditioned "to pay all damages sustained by the appellee", with Arthur A. Moreno as surety thereon. Whilst the appeal was pending, McClellan died, and his executrices were made parties defendant before this court. Subsequently, Mrs. McClellan died.
Shortly after Mrs. McClellan's death, Mrs. Elizabeth McClellan Humphrey, who was one of the executrices, surrendered possession of the apartment to Dr. Meyer and thereupon we dismissed the appeal for the reason that the issues tendered in the case, respecting Dr. Meyer's right to possession, were moot.
Plaintiff filed this present suit against Mr. Moreno, surety on the appeal bond, and the Succession of McClellan, for certain damages which he claims to have suffered by reason of the McClellans having retained the leased apartment after they had been notified to vacate. The claim is for $1,462.05 and is composed of various items, which will be hereafter discussed. The executrix of the succession and Mr. Moreno filed a joint answer in which they denied liability, except for the sum of $310 which is the rent due Dr. Meyer by the succession for the months of February and March and for two days in April, 1946.
The matter was heard on its merits in the District Court and there was judgment in favor of Dr. Meyer for $410. Plaintiff has appealed from that judgment.
Besides the claim for rent, which is admittedly due, plaintiff claimed several items as damages. Plaintiff's counsel vehemently complains that the amount allowed as damages by the trial court is grossly inadequate. The evidence shows that upon McClellan's refusal to vacate the apartment, Dr. Meyer engaged a room at the Jung Hotel in this city, where he remained with his wife and 14 year old daughter until the executrix surrendered possession of the apartment. He testified that he paid $7.55 per day for the room at the hotel, and claims that there is due him as damages the difference between the aggregate amount paid the hotel and the amount of rent for the apartment which accrued during the eviction proceedings. This difference amounts to $155.55.
[1, 2] Plaintiff admitted that he made no effort to locate an apartment or dwelling in which to reside during the pendency of the suit, and when he was unable to secure possession of the apartment from McClellan he took his family, as has been stated, to the hotel. It is our opinion that it was Dr. Meyer's duty to have made some effort to secure an apartment or dwelling similar or comparable to the one involved herein. Had he secured such accommodations there may have been some basis upon which to allow his claim for rentals which he was compelled to pay during the period of being deprived of Apartment "G". We cannot see how we can take into consideration the amount paid by him for the hotel room. It is true it was necessary for Dr. Meyer *Page 790 
to obtain living quarters pending the possession suit, but the amount paid by him for the room is not the proper basis upon which to adjudicate his claim. In regard to plaintiff's claim for $30.50 expended for garage rental during the ejectment proceeding, we find that the record contains no proper proof upon which this item might be allowed. Dr. Meyer testified that there is a garage in connection with Apartment "G", but the $150 monthly rental which he collected from McClellan also covered the use of the garage and some portion of the rent necessarily must have been for the garage. As there is nothing to show the rental value of the garage, the $30.50 item cannot be allowed to plaintiff.
[3] The next claim is for $271, which Dr. Meyer asserts is the difference between the sum expended for food while residing in the hotel and that which he would have normally expended had he been living the while in Apartment "G". This item has not been proved with the certainty and exactness which the law requires. The testimony shows that the plaintiff, his wife and daughter took their meals in various restaurants, and Dr. Meyer was meticulous in keeping a record of the amount expended. However, there is nothing to show how much it would have cost him for food had he been able to live in the McClellan apartment. Mrs. Meyer estimated the amount which would have been expended had the family been living in the apartment, but the estimate is too vague and she admitted she could give no breakdown of the amount.
[4] Dr. Meyer also claims that when he reentered the apartment the walls of the living and dining rooms were in a damaged condition, in that several holes appeared in the plaster resulting from the removal of pictures and a cornucopia. Dr. Meyer and a painter testified that the cost for renovating the two rooms amounted to $100. But it appears that in addition to repairing the small holes in the plaster, plaintiff had the two rooms repainted and this cost is included in the $100. Dr. Meyer admitted that he used a paint different and more expensive than that which was originally in the rooms. The evidence shows that the apartment had been painted about three years previously, and there is no doubt in our minds that during the occupancy of the apartment by the McClellans it experienced some of the usual wear and tear which necessarily flows from use. Dr. Meyer admitted that shortly after repainting the two rooms, he also had refinished all rooms of the apartment. This leads us more strongly to the belief that the entire apartment needed refinishing as the result of normal wear and tear.
[5] The next item to be considered is $600 for the inconvenience which plaintiff experienced by having been forced to live in the hotel room. The amount claimed is purely speculative and is that sort of damage which is not susceptible to definite or exact proof.
[6, 7] The District Judge allowed plaintiff $310 which McClellan owed for rent, and the further sum of $100 for damages. The court gave written reasons for judgment, in which is found this statement: "The sum of $410.00 is made up from the admitted liability of $310.00 for rent, and the sum of $100.00 is added to this amount because 'damage is presumed where there is a violation of a contract'. 'Nominal damages will be allowed in the absence of proof of actual damages.' On all items except the rent, the proof of damages is speculative and uncertain, it is hard to predicate a judgment in any fixed amount."
The lessor is entitled to recover his actual damages in consequence of a violation of the lease contract by the lessee. D'Armand v. Pullin, 16 La. Ann. 243. The violation of the rights of another allows him to recover damages without calculating altogether on the pecuniary loss or the privation of pecuniary gain, and in assessing the award much discretion is left with the court. C.C. art. 1934, par. 3. When there is no proof of actual damages, the allowance should be for a nominal amount only. Judice v. Southern Pac. Co., 47 La. Ann. 255, 16 So. 816; Bourdette v. Sieward, 107 La. 258, 31 So. 630; Labasse v. Piat, 121 La. 601, 46 So. 665; O'Meallie et al., v. Moreau, 116 La. 1020, 41 So. 243; Doyle v. Fuerst Kramer, Ltd., 8 Orleans App. 408, 411; Hotard v. Perrilloux, 7 La. App. *Page 791 
281; Norman v. Radio Station KRMD, La. App., 187 So. 831; Green v. Farmers' Consolidated Dairy Co., 113 La. 869, 37 So. 858; Ruffo v. Marcotte, et al., No. 9494 of the docket of this court. (Unreported). See Louisiana and Southern Digest.
In Ruffo v. Marcotte, et al., supra, we allowed the lessor $100 for physical and mental inconvenience and discomfort for the deprivation of his property and for being forced to live in uncomfortable quarters for nearly nine months. We observed there that the amount to be awarded was difficult of estimation.
[8] Byron C. McClellan violated his contract of lease and there is no question but that plaintiff is entitled to compensatory damages, although he submitted no proof establishing the amount. The trial court in his discretion allowed $100, and considering all the circumstances of this litigation, we do not believe the discretion was abused. Consequently there is no reason for increasing the award.
The judgment appealed from is affirmed.
Affirmed.