McBRIDE, Judge.
Dr. Carl H. Weinberg, an obstetrician, brought this suit against Southern Bell Telephone and Telegraph Company by which he seeks to recover $5,000, the amount of damages allegedly accruing to him as a result of defendant’s failure to list his new address in the telephone directory issued in December, 1962, which was to remain current until December, 1963. The petition alleges that it is absolutely essential, in connection with plaintiff’s medical practice, that his correct address be shown in his listing in the directory and that defendant was derelict in the matter of stating the address; that defendant was amply and timely notified that plaintiff would change the location of his office from one address to another.
The defense is that plaintiff was given to understand by defendant’s agents that unless he moved his office from the one location to the other and had his telephone transferred on or before September 20, 1962 (press time), the new address could not appear in the December, 1962 directory; that plaintiff did not change his office addresses until September 24, 1962, or beyond said “deadline.”
After a trial below on the merits, plaintiff recovered judgment for $2,500, from which defendant appeals.
In June, 1962, plaintiff, who was then located in Medical Arts Building, leased offices in the newly constructed Medical Plaza two blocks away. During the early summer, or before, plaintiff contacted defendant’s office with reference to having his telephone service transferred to the new address on September 19, 1962, on which date plaintiff again contacted and reminded the agents of defendant of the necessity of changing the location of the telephone.
On September 19, Dr. Weinberg was unable to move as the new offices had not been readied for occupancy, and he thereupon made arrangements with defendant’s employees to have the telephone transferred on September 20, on which day he hoped the change in offices would be accomplished.
Several days were required to move Dr. Weinberg’s effects and equipment, but it appears that the telephone was connected in Dr. Weinberg’s office on September 22, because the evidence shows a patient called him on the telephone at the new address. His last interview with a patient at the old office was on the morning of September 20.
The defendant’s workmen did not complete the transfer of the telephone service until September 24. When the 1962 telephone directory was published and distributed in December, Dr. Weinberg’s listing showed his address as Medical Arts Building.
The trial judge correctly ruled that defendant was under the duty of carrying the new address in its directory, knowing that Dr. Weinberg’s office would be moved on the “deadline” or a day or so later.
The trial judge stated that undoubtedly the doctor was inconvenienced “but to place a monetary value on this is very, very dif *180 ficult,.” However, the judge theorized that the doctor had to work overtime for some 52 hours (which he valued at $20 per hour) because some of the patients arrived late for their appointments due to the incorrect address in the telephone book, and that Dr. Weinberg’s secretary consumed about one and one-half or two hours per week telephoning patients in order to “get their appointments straight.” Plaintiff was awarded $2,500.
In line with the usual custom of professional men, plaintiff caused to be published in the local newspapers notices of the change of office addresses; additionally, his patients received a card calling attention to the new office address. Dr. Weinberg sees his patients only on appointments previously made, and the secretary testified that when she would make an appointment, she informed the patient that the doctor was located at the new address.
There is nothing to indicate that Dr. Weinberg lost any patients because of the erroneous listing, or that his earnings were diminished, or of any particular amount of overtime the error necessitated. Dr. Weinberg claims that his net receipts for the year in question were $5,000 less than those for the previous year, but he could not attribute such fact to defendant’s failure to publish the new address, nor can we. It is a well-known fact that the earnings of those practicing the professions necessarily vary from year to year. No amount could be fixed as damages in a case such as this with any degree of certainty, and no award could be made for special damages unless pure speculation is indulged in, which, of course, would be improper. But there can be no doubt Dr. Weinberg’s rights were invaded and violated, and this would allow him to recover some damages without calculating altogether on the pecuniary loss or the privation of pecuniary gain, and in assessing the award much discretion is vested in the court. LSA-C.C. art. 1934, par. 3.
When there is no proof of actual damages, the allowance should be for a nominal amount only. Labasse v. Piat, 121 La. 601, 46 So. 665; O’Meallie v. Moreau, 116 La. 1020, 41 So. 243; Green v. Farmers’ Consolidated Dairy Co., 113 La. 869, 37 So. 858; Bourdette v. Sieward, 107 La. 258, 31 So. 630; Judice v. Southern Pac. Co., 47 La.Ann. 255, 16 So. 816; Fiesta Foods, Inc. v. Ogden, La.App., 159 So.2d 577; Meyer v. Succession of McClellan, La.App., 30 So. 2d 788; Norman v. Radio Station KRMD, La.App., 187 So. 831; Hotard, et al. v. Perilloux, 7 La.App. 281; Doyle v. Fuerst & Kramer, Limited, 8 Orl.App. 408, 411; Ruffo v. Marcotte, et al., No. 9494 of the docket of this court (unreported). See Louisiana and Southern Digest.
The amount of the judgment is excessive. We believe a nominal award of $250 to plaintiff would subserve the ends of justice.
For the reasons assigned, the judgment appealed from is amended so as to reduce the amount thereof from $2,500 to $250, and as thus amended and in all other respects the judgment is affirmed; defendant to pay the costs of the appeal.
Amended and affirmed.