CASE 27.—ACTION BY IDA GILLISPIE AGAINST THE CINCINNATI, NEW ORLEANS & TEXAS PACIFIC R. R. CO. FOR DAMAGES TO HER SPRING.—Nov. 5.

## Cin., N. O. & T. P. Ry. Co. v. Gillispie

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Reversed.

1. Waters and Water Courses—Pollution—Damages.—In an action for damages for the pollution of a spring by permitting oil to escape into it, the spring not being permanently destroyed, an instruction to find for plaintiff such amount as would fairly compensate her for the damage to the spring was erroneous, as fixing no measure of damages; a proper

instruction being that they should award such damages as
would fairly compensate plaintiff for the diminution in value of
the use of the property resulting from the pollution up to the
bringing of the action.

2.    Damages—Reduction of Loss—Duty to Reduce Damage.—If
the owner of a spring which was polluted by oil flowing into
it from defendant's tank by ordinary care and at reasonable
cost could have cleaned it out, she could only recover for the
pollution up to the time she could have cleaned it.

JOHN GALVIN and O. H. WADDLE & SON for appellant.

## POINTS AND AUTHORITIES.

1. Where a spring of water is polluted, without resulting in
its entire destruction, the criterion of recovery is the actual
damage the plaintiff has sustained in being deprived of the use
of the water up to the trial.    (Kinnard v. Standard Oil Co., 89
Ky., 468.)

2. An instruction in a suit for damages for the accidental
pollution of a spring, which fixes the measure upon three different
theories all coupled together is erroneous.

3. Any verdict of a jury that grossly exaggerates the actual
damages plaintiff is entitled to recover, comes within the purview
of subsection 4 of section 340, Civil Code, authorizing a new trial
by reason of the assessment of excessive damages appearing to
have been given under the influence of passion or prejudice.

4. An instruction to the jury must be based upon the evidence
adduced on the trial, and to direct the jury to return a verdict
from their own belief without telling them that such belief must
be predicated upon the evidence is erroneous.

MORROW. & MORROW and R. B. WADDLE for appellee.

Complaint is made that the verdict in this case is excessive.
We submit that it is fully sustained by the facts proven and we
insist that no verdict should be set aside upon the question of
the amount of the recovery unless it is so exhorbitant as to be a
flagrant violation of honesty and good conscience.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Reversing.

The appellant, Cincinnati, New Orleans & Texas
Pacific Railway Company, permitted a tank of oil to
escape from its premises into a spring on the prop-
erty of appellee, Ida Gillispie. This action was insti-
tuted by appellee to recover damages for the pollution
of the spring. The jury returned a verdict in her
favor for $350, and, from the judgment thereon, the
railway company appeals.

It appears that appellee is the owner of property
in the city of Somerset adjoining the right of way of
appellant. Upon this property there is located a
spring. Around this spring she has built a brick
house in which she keeps milk and butter. Upon the
property in question are two houses, in one of which
appellee lives. After the oil was thrown upon the
ground, and permitted to seep into the spring, the
water therefrom was utterly unfit for any purpose.
Thereupon appellee expended the sum of $45 for the
purpose of getting water connections, and was com-
pelled to expend certain sums for ice which would
not have been necessary had the spring not been
polluted.

Appellant asks a reversal upon two grounds: First,
the verdict is excessive; second, error in the instruc-
tions fixing the measure of damages. As we have
concluded to reverse this case upon another ground,
it will not be necessary to consider the question
whether the verdict was excessive.

The court instructed the jury as follows:

"(1) You will find for the defendant in this case,
unless you shall believe from the evidence that prior

to the 10th day of July, 1907, the time of the filing of this action, the defendant so operated and managed its railway as to cause quantities of oil or other polluting substance to escape from its cars or premises, and run into and so pollute plaintiff's spring as to make it unfit for use for domestic purposes, and, if you so believe from the evidence, you will find for the plaintiff.

"(2) If you find for the plaintiff, you will find such sum as you believe will fairly compensate her for the damage and injury to her spring, if any, there was caused by its being polluted with oil or other polluting substance, which rendered it unfit for family use or domestic purpose, and for such time as she was deprived of the use of said spring up to the time of this trial, and by reason of any annoyance and inconvenience and discomfort suffered by plaintiff, if any, by reason of the polluting of said spring, providing your finding shall not exceed $1,000.

"(3) Nine jurors concurring finds a verdict. When as many as nine and less than twelve agree, those agreeing to the verdict will sign it. If all agree, one only will sign it, adding after his name the word 'Foreman.'"

Complaint is made only of instruction No. 2. Manifestly this instruction is erroneous. The language, "you will find such sum as you believe will fairly compensate her for the damage and injury to her spring, if any, there was caused," etc., fixes no measure of damages at all. Under that language the jury might have "roamed at will," and fixed upon any amount they saw fit. Furthermore, the instruction permits a recovery, not only for damages for injury to the spring, but for the time plaintiff was deprived of the use of the spring, and for the annoyance, incon-

venience, and discomfort suffered by plaintiff. As there was no testimony given to show that the spring was permanently destroyed, the correct measure of damages in such a case is the diminution in the value of the use of the spring from the time it was polluted up to the time of filing this suit. If, however, plaintiff could, by the exercise of ordinary care, and at reasonable cost, have cleaned out the spring and removed the cause of its pollution, she could only recover up to the time when she could have so cleaned it out. It was her duty to minimize the damages if she could do so by ordinary care and at reasonable expense. She could not sit idly by and recover damages which she might have avoided by the exercise of ordinary care. Long, etc., v. L. & N. R. R. Co., 128 Ky. 26, 107 S. W. 203, 32 Ky. Law Rep. 774, 13 L. R. A. (N. S.), 1063; L. & N. R. R. Co. v. Moore, etc., 101 S. W. 934, 31 Ky. Law Rep. 141, 10 L. R. A. (N. S.) 579. For the purpose of determining the diminution in value of the use of the property, all the evidence contained in the record before us is admissible.

Upon the next trial of this case the court, in addition to instruction No. 1, will instruct the jury as follows:

"No. 2. If the jury find for the plaintiff, they will award her such damages as they believe will fairly compensate her for the diminution in value of the use of said property resulting from the pollution of the spring during the time of 'such pollution up to July 10, 1907, the date of filing this action.

"No. 3. If, however, you believe from the evidence that the plaintiff, by the use of ordinary care and at a reasonable cost, could have cleaned out the spring and removed the cause of pollution, you will, in case you find for her, award her such damages only as will

fairly compensate her for the diminution in the value of the use of the property up to the time when she might have so cleaned out the spring, together with the reasonable cost of so cleaning it out."

Judgment reversed, and caused remanded for proceedings consistent with this opinion.