## Johnson v. Ratliff.

(Decided, February 18, 1930.)

188

O. T. HINTON and W. A. DAUGHERTY for appellant.

CHILDERS, AUXIER, BOWLES & AUXIER for appellee.

Opinion of the Court by Judge Logan—Reversing.

Appellant owns a house and lot in the city of Pikeville. Appellee owns an adjoining lot fronting on the same street. After appellee acquired his lot in the year 1922, he made improvements on it. He constructed a retaining wall along the edge of a driveway separating the two lots and extended the retaining wall to include almost his entire lot. He filled in a depression on his lot with the earth excavated from the basement of his house, and hauled cinders placing them on his lot so that the surface might be rendered level. Appellant insists that in leveling up his lot and elevating the grade appellee diverted surface water from his lot onto her lot, and that the water so diverted found its way into the basement of her house, rendering it unfit for use for much of the time, and particularly during and after extensive rains. It is her contention that prior to the improvements made by appellee on his lot the surface water drained towards a public alley at the back of the lots, and that this natural drainage was diverted by appellee, and that this diversion was responsible for the damages to the use of her

property. There was some effort between them to adjust the conditions, but nothing was done until eventually appellant instituted suit against appellee, alleging that he had diverted the water from his lot onto hers, and that by so doing the water found its way into the basement of her house, with the result that the use of her property as a whole had been materially interfered with, thereby reducing the value of the use to her.

Appellee admitted, in his answer, that he had made the improvements on his lots substantially as alleged by appellant, but he denied that he had diverted the water from his lot onto the lot of appellant. He pleaded affirmatively that the water found in the basement of the house of the appellant came from a down spout which led the water from the roof of the house of appellant to the ground.

The case was tried on the issue of appellee's responsibility and liability for diverting the water with the consequent damages to appellant. Appellant testified to facts abundantly sufficient to satisfy a jury that the damages occasioned to her property largely, if not entirely, came about through the diversion of the water by appellee. She was well supported by her witnesses. Appellee undertook to show by his evidence that any diversion of the water on his part was harmless to appellant, and that her damages about which she complained were occasioned by reason of her own failure to provide against the water flowing from the roof of her own building, and the further failure on her part to keep her basement in such state of repair that water could not seep in.

Under the rules announced in the cases of L. & N. R. Co. v. Bennett, 196 Ky. 679, 246 S. W. 121; Cole & Crane v. May, 185 Ky. 135, 214 S. W. 885; Young v. Illinois Central Railway Co., 220 Ky. 322, 295 S. W. 156, the damages sought by appellant in her petition are such as are designated temporary. The case was tried with that understanding dominant in the minds of the court and the attorneys. It may be that some of the rulings of the trial court in the beginning indicated that he had some doubt about the kind of damages sought, whether temporary or permanent, but all of the evidence was admitted that threw any light on the controversy between appellant and appellee and the instructions of the court well defined the issues. There is no basis for the complaint that appellant did not have a fair trial because of the rulings and conduct of the trial judge. The case was

well tried, and the rights of the parties were well protected, except as hereinafter indicated. The jury returned a verdict in favor of appellee, who was defendant below.

Appellee urges that the petition did not state a cause of action because of the allegation that the damages were caused by extensive rainfall. It is argued that ''extensive rainfall'' is synonymous with ''extraordinary rainfall,'' and that this court held in the case of Southern Railway Co. v. A. M. E. Church's Trustees, 121 S. W. 972, that no one could be held responsible for damages occasioned by an extraordinary rainfall. We cannot agree that an extensive rainfall is the same as an extraordinary rainfall. The two words are not synonymous. ''Extensive'' may be applied to the area embraced in the circumference of the particular rainfall. It might be a gentle rain without anything unusual about it, and still be extensive, or it might be only an ordinary rainfall, but extend through a considerable period of time which would make it an extensive rainfall. A thing which is merely extensive is not necessarily out of the ordinary, but, if it is extraordinary, it is always out of the ordinary. The petition stated a good cause of action. Neither is there any basis for the contention that the court should have sustained the motion of appellee for a directed verdict at the conclusion of the evidence. The evidence was conflicting. It is urged that the evidence shows that the damages to appellant, if any, resulted from defective construction of the basement which is unfloored, with only partly cemented sides, and by the water which poured off the house of appellant into a depression near the basement. If there were no other testimony, the rule announced in the case of Illinois Central Railway Co. v. Smith, 110 Ky. 203, 61 S. W. 2, 22 Ky. Law Rep. 1655, would have to prevail. Such is not the case, however. Appellant and her witnesses attributed the damages to altogether different causes.

Appellant sought no damages in her petition growing out of any injury to her household and kitchen furniture. No evidence on that point would have been competent. She claimed no damages for injury to her health in her petition. Therefore no evidence on that point was competent. L. & N. R. Co. v. Stephens, 188 Ky. 1, 220 S. W. 746; City of Prestonsburg v. Lafferty, 218 Ky. 652, 291 S. W. 1030; Elkhorn & B. V. R. Co. v. Martin, 195 Ky. 20, 241 S. W. 344.

Appellant attacks the instructions of the court on the ground that the court should have instructed the jury on both permanent and temporary damages. The measure of damages, so she insists, should have been stated in either case, and that it should have been left to the jury to determine whether the damages were temporary or permanent. This is not that kind of a case. Appellant sought only temporary damages, and the instructions confined the recovery to that character of damages. The first instruction, after correctly stating the grounds on which appellant was entitled to recover, added a paragraph as follows: "Unless the jury so believe, or if the jury shall believe as set out in either instruction No. 3 or No. 4 the jury should find for the defendant."

Instruction No. 2 correctly defines the measure of damages. Instruction No. 3, while probably unnecessary, in correct language presented the defense of appellee on that particular point. Instruction No. 1 did not allow the jury to recover unless it believed from the evidence that appellee, by his improvement, changed the natural drainage of the water from his property and thereby caused the water from his lot during ordinary rainfalls to flow from his lot and upon the property of the plaintiff and thereby injured it. Instruction No. 3 told the jury that, if the water which flowed upon appellant's property and injured it had accumulated from some source other than on the lot of the defendant, the appellant could not recover. There was no impropriety in the third instruction. The fourth instruction, however, gives us some trouble. The idea presented by the instruction is correct as is shown by reference to a number of the opinions of this court. It is the duty of a plaintiff in such a case to minimize the damages if he can do so at reasonable expense. In the late case of Norton Coal Mining Co. v. Wilkie, 224 Ky. 192, 5 S. W. (2d) 1058, this court reviewed the cases discussing that particular point, and reaffirmed the doctrine that it is incumbent on a landowner, who is damaged by water flowing onto his land from that of another landowner, to mitigate or minimize the damages by exercising ordinary care on his part to avoid the damages. The court quoted with approval an instruction which this court directed to be given in the case of Cincinnati, N. O. & T. P. Ry. Co. v. Gillispie, 130 Ky. 213, 113 S. W. 89. An examination of the instruction therein approved will show that it is the duty of a com-

plaining landowner to minimize the damages to his land caused by water flowing onto it from the property of another landowner if he can do so by the use of ordinary care and at reasonable cost. Instruction No. 4, given by the court in the case before us, held the appellant to the duty of exercising ordinary care to protect her property from the water that flowed from the property of appellee, and directed the jury to allow her no damages which could have been avoided by the exercise of ordinary care on her part. The instruction should have denied her damages that could have been avoided by the exercise of ordinary care and at reasonable cost. This, however, is not the chief error in the instructions considered as a whole. In the first instruction the court told the jury that, if it should believe as set out in instruction No. 4, it should find for the defendant. Instruction No. 4, therefore, is contradictive of instruction No. 1, as it tells the jury only to disallow such damages as could have been avoided by the exercise of ordinary care on the part of appellant. The jury may have well concluded that she could have avoided a part of the damages by the exercising of ordinary care and still under instruction No. 1, considered in connection with instruction No. 4, it was told to find for the defendant, if any of the damages could have been avoided by the exercise of ordinary care. The case must be reversed for these errors, and on another trial the court will so modify instruction No. 1 as to conform to instruction No. 4, and will so modify instruction No. 4 as to authorize the jury to disallow any damages occasioned to appellant which might have been avoided by the exercise of ordinary care and at reasonable cost.

Judgment reversed and cause remanded for proceedings consistent with this opinion.