## OKLAHOMA CITY v. TYETENICZ.

No. 25845.    Dec. 10, 1935.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, for plaintiff in error.

Dabney, Lawson, Rakestraw & Benson, for defendant in error.

RILEY, J.   The defendant in error, as a riparian owner of land along the North Canadian river, sued the municipal corporation, plaintiff in error, on account of pollution of the stream resulting from an improper disposal of sewage. The odors arising from the

waters flowing through plaintiff's lands and the deposit of foreign substances along the banks of the river and the pollution of the waters about plaintiff's farm constituted an abatable or temporary nuisance.

Plaintiff's sole proof going to the measure or amount of damages suffered by him was the testimony of Berry Lane, who lived two miles farther up the river from plaintiff. The witness testified that he had used the river at his place for stock watering purposes; he thought plaintiff owned stock and for the purpose of watering, "say, 12 head of stock and for recreational purposes," the waters would be worth $1.25 per day. On cross-examination the witness testified he based the figure stated on the cost of hired help required to pump stock water from a well. There is no evidence that plaintiff hired help.

The court instructed the jury:

"No. 8. You are instructed that if you find for the plaintiff, his measure of damages is such a sum as will reasonably compensate him for the discomforts and annoyance he has suffered by reason of the offensive odors coming from the waters of said river which may have annoyed the plaintiff in the quiet and peaceful occupation of his home, and for the loss in the use of the waters of said stream, all for a period of two years prior to the institution of this suit on the 23rd day of April, 1932, and in determining this question of damage you may not enter into the realm of speculation or conjecture, but base the same solely upon the evidence and award your judgment accordingly, which shall not exceed the sum of $5,000. You cannot consider any element of exemplary damages or speculative damages in arriving at your verdict."

The court refused requested instruction No. 4, which reads:

"You are further instructed that if you should find from the preponderance of the evidence in this case that the defendant has polluted the North Canadian river with sewage, and further find from a preponderance of the evidence that because of the same an odor has come from said stream upon the property of the plaintiff herein, and that because of said odor the plaintiff has been damaged herein, in arriving at such damages you may consider the same only in so far as the odor may have diminished the usable value of the property, and by usable value is meant that use to which the plaintiff has been putting said property, or the diminution, if any, in the rental value thereof; and if you find that there has been no diminution in the usable value of said property as hereinabove defined, your verdict should be for the defendant."

The trial court erred in refusing the re-quested instruction and in giving instruction No. 8.

The true measure of damages in this character of case is the depreciation in rental or usable value of the realty, together with such special damages as may be alleged, proved, and measured. In event the owner of realty elects to reside upon his own property, he may nevertheless recover in such cases a depreciated usable value proximately caused by the temporary nuisance. To do this, proof may be adduced to show the true value of the realty before the injury; from that a prior rental value may be found, and from a present value of the realty a present rental or usable value may be calculated. For example: If prior to the injury the farm of plaintiff was worth $13,000, in consideration of returns upon the investment in past years, for agricultural purposes and in consideration of residential purposes, then of more value because free from odors, the rental or usable value may have been $100 per month or $1,200 per year, whereas now on account of the injury the farm may be reduced in value for residential purposes, but it may be of the same value or of more or less value for agricultural purposes than before. Those who know can evaluate the reduced usable value for residential or other purposes. And for example, if it is determined that the residential value is reduced 50 per cent. on account of odors, but that the agricultural value is the same, it may be calculated that the residence of plaintiff formerly was worth $50 per month for rent or use, whereas now it or similar homes would be used only by less delicate tenants or owners willing to endure the present conditions, and that the rental or usable value of the house is now reduced 50 per cent. Then it may be calculated that the depreciated usable or rental value is $25 per month, or $300 per year, or $600 for the two years embraced by the action.

Such evidence would form the basis of an actual calculation of damages to be awarded plaintiff on account of the detriment suffered.

In the present case there is no actual amount of damages to the person or to the property established.

The gist of this action is one for damages to realty. It is an erroneous rule that allows in one cause of action a damage to the usable value of realty and another damage for annoyance and inconvenience to the person. This is an allowance for double damages.

The evidence adduced to show the fictitious

cost of supplying stock water from a well in lieu of stock water from the river, when in fact there was no such cost or outlay of money shown to have been made by plaintiff, displays the variety of measures of damages that would develop in such cases in the event the courts should depart from the ancient landmarks established by adjudicated cases.

The decision in Swift v. Broyles, 115 Ga. 885, 42 S. E. 277, 58 L. R. A. 390, considers an injury caused by a nuisance and the resultant damage to an occupant who owned the realty. In considering the measure of damages that should be recovered for annoyance and discomfort occasioned by the maintenance of a nuisance, the court said:

"It is not, of course, the policy of the law that the jury shall be permitted to act arbitrarily in the matter. On the contrary, they are expected to observe the cardinal rule that only actual damages can lawfully be recovered by the injured party.

"To the end that they may be enabled to arrive at a just and reasonable conclusion as to the amount of compensation to be awarded him, the courts have with marked unanimity held that the jury may consider proof of and adopt as the measure of his damages the depreciation in rental value of his property caused by the discomforts to which its use has been subjected. * * *

"One who himself occupies premises of which he is the owner cannot, it is true, logically be said to have suffered any actual loss of rent by reason of a tortious interference with the enjoyment of his home. The decisions just cited are not, however, based upon any such erroneous theory, but rest upon the perfectly rational doctrine that the owner of property of a given rental value is entitled, if he elects to be at once his own landlord and tenant, to get an amount of enjoyment out of it equal to the sum he would be obliged to pay as rent for premises of a like rental value belonging to another." Junction City Lbr. Co. v. Sharp, 92 Ark. 538, 123 S. W. 370.

The rule as to damages for temporary injuries to realty varies into two well-defined lines of authority. In many jurisdictions the rule is that the measure of damages is the reasonable cost of repair with interest. Boise Valley Const. Co. v. Kroeger, 17 Idaho, 384, 105 P. 1070, 28 L. R. A. (N. S.) 968; Ewing v. City of Louisville, 140 Ky. 726, 131 S. W. 1016, 31 L. R. A. (N. S.) 612; McHenry v. Parkersburg, 66 W. Va. 533, 66 S. E. 750, 29 L. R. A. (N. S.) 860; Harvey v. Mason City & Ft. Dodge R. Co., 129 Iowa, 465, 105 N. W. 958, 3 L. R. A. (N. S.) 973; Hartshorn v. Chaddock (N. Y.) 31 N. E. 997, 17 L. R. A. 426.

The depreciation in rental value, if rented, or the value of its use, if owned and occupied, is added to cost of repair and interest by some states. Hartshorn v. Chaddock, supra; Ewing v. City of Louisville, supra.

But in many other states, including Oklahoma, the diminution in rental value of the property is held to be the proper measure of damages for temporary injury to property; to this is added special damages such as injury to crops or personal property as may be shown by the evidence. Jackson v. Kiel, 13 Colo. 378, 22 P. 504, 16 A. S. R. 207, 6 L. R. A. 254; Swift v. Broyles, supra; Hodges v. Pine Products Co., 135 Ga. 134, 68 S. E. 1107, 21 Ann. Cas. 1052, 33 L. R. A. (N. S.) 74; Chicago v. Huenerbein, 85 Ill. 594, 28 Am. Rep. 626; Baltimore & O. S. W. R. Co. v. Quillen, 34 Ind. App. 330, 72 N. E. 661, 107 A. S. R. 183; Cent. Branch U. Pac. R. Co. v. Twine, 23 Kan. 585, 33 Am. Rep. 203, and other cases vary the rule. 8 R. C. L. 483, par. 45.

However the rule may be, the jury is not permitted to "roam at will" and fix upon any amount it sees fit as damages without proof as to exact detriment suffered. C., N. O. & T. P. Ry. Co. v. Gillespie, 130 Ky. 213, 113 S. W. 89, for

"Neither conjecture nor speculation may form a basis for a judgment." A., T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. (2d) 908.

"Conjecture is an unsound and unjust foundation for a verdict. Juries may not legally guess money or property of one litigant to another. Substantial evidence of the facts which constitute the cause of action * * * is indispensable to the maintenance of a verdict sustaining it." Bokoshe Smokeless Coal Co. v. Bray, 55 Okla. 446, 155 P. 226; M. V. R. Co. v. Fulgham (C. C. A.) 181 Fed. 91.

In St. L. & S. F. Ry. Co. v. Floyd, 146 Okla. 42, 293 P. 250, 77 A. L. R. 1431, this court held:

"In every damage suit the court should furnish the jury a rule by which to measure the damages and to define the different elements for which compensation may be awarded."

In the case at bar an injury was established. The jury by its general verdict necessarily found that a nuisance existed and that its existence constituted a direct and proximate cause of an injury to plaintiff, but there was an utter failure to prove damages. No rule was stated in the instructions given by which damages, if proved, might be measured.

The verdict is not supported by the evidence and the giving of instruction No. 8, under the circumstances, constituted error, for there was no evidence upon which might be based a substantial recovery for usable value of the realty.

In Roxana Pet. Co. v. City of Pawnee, 155 Okla. 141, 7 P. (2d) 663, this court cited with approval the case of Hallenbeck v. Marion (Iowa) 89 N. W. 210, wherein it was held:

"The measure of damages for the pollution of a stream through a pasture is the difference in the rental value before and after the pollution, and not the reasonable value of procuring water for the stock, the value of the time and trouble in procuring it, or what it would reasonably have cost to furnish an adequate supply of water for the stock."

Such is the exact circumstance now presented. It is governed by the rule stated. Shively v. Cedar Rapids, I. F. & N. W. Ry. Co. (Iowa) 37 N. W. 133; Junction City Lbr. Co. v. Sharp (Ark.) 123 S. W. 370; City of Georgetown v. Kelly (Ky.) 123 S. W. 251; Cumberland Torpedo Co. v. Gaines (Ky.) 255 S. W. 1046; Root Refiners, Inc., v. Robertson (Ark.) 3 S. W. (2d) 57.

It is our view that the municipal corporation cannot avoid liability in this case on the ground that it was exercising a governmental function. City of Okla. City v. Tytenicz, 171 Okla. 519, 43 P. (2d) 747.

Likewise the trial court did not err in excluding evidence tending to establish that third parties contributed to the pollution, for this court held in Northup et al. v. Eakes et al., 72 Okla. 66, 178 P. 266, that:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result even though his act or neglect alone might not have caused it."

Judgment reversed and cause remanded for a new trial consistent with the views herein expressed.

OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BUSBY and WELCH, JJ., dissent.

BUSBY, J. I dissent for the reasons set out in a dissenting opinion filed in the case of Oklahoma City v. Eylar, No. 25574, this day decided (pending on petition for rehearing).