**W. H. RUNYAN and Sallie L. Runyan, Plaintiffs in Error,**

v.

**The CITY OF HENRYETTA, Okmulgee County, Oklahoma, a Municipal Corporation, Defendant in Error.**

**No. 36337.**

Supreme Court of Oklahoma.

Feb. 1, 1955.

Steele & Boatman, Okmulgee, for plaintiffs in error.

Ernest W. Smith and Kirk Woodliff, Henryetta, for defendant in error.

WELCH, Justice.

W. H. Runyan filed petition charging various items of damages sustained by the plaintiff as a result of the acts of the City of Henryetta, a municipal corporation, in its creation and operation of a lake, dam, spillway and filter plant on a certain natural watercourse and upstream from the land of the plaintiff. Trial resulted in judgment for the plaintiff, and the defendant perfected appeal to this court. The judgment was reversed and the cause remanded for a new trial. City of Henryetta v. Runyan, 207 Okl. 300, 249 P.2d 425.

W. H. Runyan and Sallie L. Runyan, his wife, filed a petition of similar tenor as the aforementioned petition and after the aforesaid reversal of judgment the case then proceeded to trial under both petitions.

On said trial a demurrer to the plaintiffs' evidence was sustained by the trial court and judgment was entered for the defendant. The plaintiffs have appealed.

The plaintiffs contend the trial court erred in sustaining demurrer to the evidence.

It is argued that the evidence reasonably tends to establish that the defendant created and carried on a nuisance from which the plaintiffs suffered certain special injuries.

According to the evidence the defendant many years ago erected a dam and created a lake on Wolf Creek, a natural watercourse that flows across lands of the plaintiffs. A spillway was created which directs surplus waters from the lake across lands of the defendant and to a point in the original bed and channel of the creek on the defendant's land and upstream from where the natural watercourse enters the plaintiff's lands.

There was evidence tending to show a swifter flow of water through the spillway than the natural flow of water in the natural watercourse that had existed before the lake was created.

Below its dam, the defendant maintains a settling basin and filter plant into which water from the lake is drawn. Such water is then taken in part into the defendant's waterworks pipe system and in part is flowed through a pipe into the watercourse as flows across the plaintiff's land.

Prior to the erection of the dam and creation of the lake there existed on the plaintiffs' land, the bed of Wolf Creek, deep pools of water with firm bottoms and such that livestock walked with safety thereon in securing drinking water. Since the creation of the lake these deep pools in the creek bed have become partially filled with mud and silt. At various times certain of the plaintiffs' livestock have become bogged in the creek bed resulting in the death of the said livestock. At certain times high waters along the Wolf Creek watercourse have swept away fences of the plaintiffs and destroyed crops of the plaintiffs on lands lying along the watercourse, and such high waters have deposited rocks and debris on the lands of the plaintiffs.

According to the evidence the certain times of the high waters on the lands of the plaintiffs were also times of unusual rainfall and high waters generally over a broad area wherein the plaintiffs' lands are located.

Under the evidence the injuries sustained by the plaintiffs all immediately resulted from high waters or sedimentation. Under the circumstances herein the plaintiffs were under a burden to show that the defendant was the cause of such high water and sedimentation to establish liability of the defendant for the injuries sustained by the plaintiffs. Water falls on land and flows to lower levels and sedimentation of low lands occur in natural phenomena. Under the circumstances herein the plaintiffs were under a burden to show that the defendant was the cause of a greater flow of water over the plaintiffs' land, and a greater sedimentation of said lands than occur in natural phenomena.

We find no evidence tending to show that the presence of the defendant's dam or the operations of defendant's waterworks facility caused a greater flow of water over the plaintiffs' lands or a greater sedimentation of said lands than if said dam and operations had not existed.

We find no evidence in any degree tending to prove that the defendant created and carried on a nuisance from which the plaintiffs suffered injuries. There is no evidence showing a casual connection between the acts of the defendant and the plaintiffs' injuries.

In the circumstances the defendant's demurrer to the evidence was properly sustained.

The judgment is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, ARNOLD and HALLEY, JJ., concur.