**M. B. PAYNE, Appellant,**

v.

**HAZARD COCA COLA BOTTLING WORKS, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1956.

Duff Arnett, Hazard, for appellant.

Craft & Stanfill, Hazard, for appellee.

STEWART, Judge.

Appellant, M. B. Payne, owns a large lot on East Main Street in Hazard. The lot is 70 feet deep, extending from the sidewalk on the north to North Fork of the Kentucky River on the south, and 186 feet wide, bordering a vacant lot to the east and touching the building of appellee, Hazard Coca Cola Bottling Works, on the west.

A frame building, located on appellant's lot and sharing a common, jointly-owned partition brick wall with appellee's building, was completely destroyed by fire several years ago. The common wall was severely damaged structurally, with the mortar eaten away and the bricks becoming flaky and crumbly. No repairs were made to the wall.

Across the street from appellant's lot, Shield Street has been carved out of the side of a hill. Underneath Shield Street is a city storm sewer which drains a large area beyond the hill. This storm sewer, originally constructed more than twenty-five years ago, passes under Shield Street to Main Street and under Main Street to appellant's property and sticks out about 3 or 4 feet over the latter's lot. The sewer's directed flow, which includes sewage, offal and fecal matter, has created a deep gully on appellant's lot. Appellant complained to the city and offered to pay the labor costs if the city provided a conduit over his property from the sewer outlet to the river. The city refused his offer.

For some time after the fire appellant left his lot unimproved. From the sidewalk down to the surface of the lot there is a drop which varies from 2 to 8 feet. In 1953 appellant decided to fill in his lot and rent it as an automobile sales site. After giving notice to the city of his intentions and receiving refusal of the city to extend the storm sewer, he filled the lot. The storm sewer enters the lot of appellant some 25 to 30 feet from appellee's building; and the end of the sewer was covered by the fill, damming up water which formerly flowed over the lot to the river.

In the spring of 1954, during the rainy season, the basement of appellee's building was flooded and appellee complained to the city. The city took no action. Appellee then filed suit against appellant and the city, alleging that both appellant and the city had obstructed the natural flow of water between the building of appellee and the lot of appellant, which caused an overflow of water onto appellee's property. Appellee asked that appellant and the city be restrained from continuing the act of

obstruction and be ordered to remove it. In an amended complaint, appellee asked damages in the sum of $150,000. Appellant's answer and amended answer were a denial that he was at fault in causing the damage to appellee's property. However, appellant asked for no affirmative relief against the city by way of cross-claim in either pleading. The trial court dismissed the action as to the city, and issued a mandatory injunction ordering appellant to remove the obstruction to the sewer. No damages were awarded to appellee. The trial court suspended the injunction pending this appeal.

Appellant insists that the judgment against him should be reversed: (1) Because appellee failed to sustain the burden of proof required by law, and (2) because it is the duty of the city of Hazard to extend the sewer on to the river for the benefit of appellant's and appellee's property and, as a consequence, it is not the duty of appellant to alleviate the condition created by filling the lot.

■ Appellant argues appellee failed to sustain the burden of proof required by law, and bases this contention on the holding in the case of Johnson v. Ratliff, 233 Ky. 187, 25 S.W.2d 355, 357. In that case, this Court "reaffirmed the doctrine that it is incumbent on a landowner, who is damaged by water flowing onto his land from that of another landowner, to mitigate or minimize the damages by exercising ordinary care on his part to avoid the damages." Or, stated another way, that case went on to say "it is the duty of a complaining landowner to minimize the damages to his land caused by water flowing onto it from the property of another landowner if he can do so by the use of ordinary care and at reasonable cost." In the present case, appellant points out appellee itself actually proved that its wall was in bad condition, that it had done nothing to prevent the seepage into its basement, and that no repair work had been attempted. Appellee's

dereliction in this respect, it is argued, brought about the flooded basement.

Appellee established by the testimony of the city engineer, the president of appellee and the former city manager of Hazard, as well as by the testimony of appellant himself, that the filling in of the lot was the direct and proximate cause of the seepage of the water into appellee's building. The failure of appellee to waterproof the common wall that separated its basement from appellant's property certainly did not excuse the overt act of appellant in diverting additional water onto appellee's property. Furthermore, so far as we know, the type of proof claimed by appellant to be applicable here has been upheld only in cases involving money judgments. In the present case there was no recovery of any damages. Hence, the question of the duty of appellee to minimize its damages is not involved in this appeal.

■ As to appellant's second contention, namely, that it is the duty of the city to construct the sewer on to the river and thereby remove the condition that causes appellee's basement to overflow, it will be remembered this case was dismissed in circuit court as to the city. The record does not reveal the fact, but unquestionably the reason the city was relieved of responsibility in regard to the condition affecting this lot was because it has obtained a prescriptive right by adverse user to empty the water from its sewer onto appellant's lot, since it has apparently exercised this right in an open, notorious, uninterrupted manner, and against the will of appellant and his predecessors in title, for more than 15 years. In its separate answer the city pleaded the statute of limitations as a bar to any recovery or right that might be asserted against it by appellant or appellee as to the claim under discussion. As has been stated, appellant did not file his cross-claim against the city, alleging it was the latter's responsibility to alleviate the drainage situation on his lot. Nor, as has been shown,

was an appeal prosecuted from the order dismissing this case as to the city. It follows that we must leave undisturbed the adjudication of the lower court releasing the city from the duty to correct the condition that now exists on appellant's lot.

Wherefore, the judgment is affirmed.

HOGG, J., not sitting.