**Walter H. RUNYAN and Sallie Runyan, his wife, Plaintiffs in Error,**

v.

**CITY OF HENRYETTA, Okmulgee County, Oklahoma, a Municipal Corporation, Defendant in Error.**

No. 37608.

Supreme Court of Oklahoma.

Jan. 14, 1958.

Rehearing Denied Feb. 11, 1958.

691

Harry D. Pitchford, Okmulgee, for plaintiffs in error.

Ernest W. Smith, Kirk Woodliff, Henryetta, for defendant in error.

WILLIAMS, Justice.

This action was brought by Walter H. Runyan and Sallie Runyan, hereinafter referred to as plaintiffs, against the City of Henryetta, Okmulgee County, Oklahoma, a municipal corporation, hereinafter referred to as defendant, for damages allegedly resulting from the operation of defendant's water works. Defendant answered with a general denial and pleas of res judicata and estoppel by judgment. Defendant then moved for judgment on the pleadings, which motion was sustained by the trial court, and plaintiffs appeal.

The only proposition of error asserted by plaintiffs is that the court erred in sustaining defendant's motion for judgment on the pleadings. The question presented by such proposition is whether the action pleaded by plaintiffs is barred by defendant's pleas of res judicata and estoppel by judgment.

This is apparently the fourth action brought by the plaintiffs, or one of them, against the defendant for damages allegedly resulting from the operation of defendant's water works, to reach this court. In the first of such actions, plaintiff W. H. Runyan obtained a judgment against defendant which was affirmed, in so far as material here, by this court in the case of The City of Henryetta v. Runyan, 203 Okl. 153, 219 P.2d 220. In the second of such actions, plaintiff W. H. Runyan again obtained a judgment in his favor, which was reversed by this court on appeal and the cause remanded for a new trial for the reasons stated in the opinion of City of Henryetta v. Runyan, 207 Okl. 300, 249 P.2d 425. When a new trial was had in the second action, the third action, which was brought by both plaintiffs, was consolidated with it and the two were tried together. The combined trial of the second and third actions resulted in the sustaining of a demurrer to plaintiffs' evidence, and the affirmance of such action by this court in the case of Runyan v. City of Henryetta, Okl., 280 P.2d 712. It is the last mentioned judgment and opinion that defendant relies upon for its pleas of res judicata and estoppel by judgment.

One of the paragraphs of plaintiffs' petition herein alleges that plaintiffs are the owners of 80 acres of land in section 22, Twp. 11 N., R. 13 E., and that prior to March, 1954, there was a running creek through this tract of land fed by springs and furnishing ample water for some twenty-five or thirty head of cattle pastured thereon; that defendant constructed a large sewer line near the spring that fed said creek and diverted the water from its natural course and dried up the creek running through plaintiffs' land resulting in certain alleged damage. Defendant attached to its answer, in support of its pleas of res judicata and estoppel by judgment, copies of all the pleadings and the judgment

in the two prior actions between the parties upon which defendant relies for its pleas of res judicata and estoppel by judgment. We have carefully reviewed such pleadings and judgment, but have been unable to find any issue presented thereby or determined therein which has any connection with or bearing upon plaintiffs' right to recover damages for the alleged diversion and drying up of a spring fed creek running across a portion of their land located in section 22, twp. 11 N., R. 13 E., in the year 1954. It is obvious that such alleged cause of action is not barred by any plea of res judicata or estoppel by judgment.

By virtue of the other matters alleged in plaintiffs' petition, they seek to recover damages for the pollution of a creek (apparently a different creek than the one involved in the cause of action above set forth) during the years 1954 and 1955, the loss of three head of cattle during the year 1954, and the loss of one cow during the year 1955, all allegedly resulting from the manner of operation of defendant's water works. Briefly stated, the gist of plaintiffs' complaint is that from time to time defendant cleans out the filters and basins of its settling and filtering plant and disposes of the coalesced and cohesive silt, mud and sludge removed therefrom by emptying the same into the bed of a creek running through the lands of plaintiffs. Plaintiffs allege that the silt, mud, chemicals and sludge, when emptied into the bed of the creek in large quantities, pollute and contaminate the water in said creek to such an extent that the cattle will not drink the same, and that the coalesced and highly cohesive silt, mud and sludge accumulate in pools and depressions in the creek bed creating quagmires and death traps for plaintiffs' stock; that from time to time certain of plaintiffs' stock have become mired and bogged down in such quagmires and being unable to extricate themselves therefrom, have been drowned.

A review of the previous cases between these parties indicates that similar allegations were involved in all three such actions.

The first of such actions was filed in August, 1942, and among other things, sought damages for the loss of a horse in 1940 and two head of cattle in 1941. By amended petition later filed in the same action, damages were also sought for the loss of a milk cow in 1945. All of such stock were allegedly lost in the same way, that is by becoming bogged down and drowning in quagmires allegedly resulting from defendant's disposal of silt, mud and sludge by dumping the same into Wolf Creek. Judgment was recovered for the value of the stock so lost, and such judgment was affirmed by this court in the opinion found at 203 Okl. 153, 219 P.2d 220. In such opinion it was specifically pointed out that the action was not one for consequential damages resulting from the construction of the dam, reservoir or filtration plant, but was an action for damages resulting from the negligent manner of operation of the filtration plant. Similar allegations were made in the second and third actions between parties and damages were sought for the loss of a saddle horse and two milk cows during the year 1948, the loss of a calf in 1951 and the loss of a cow in 1952. Plaintiffs also alleged in such actions that from time to time the mud, silt and chemicals emptied by defendant into Wolf Creek so contaminated and polluted the water that plaintiffs' stock refused to drink the same for a period of 120 days during the years 1949 and 1950, and from July 21 to September 8, 1951, and from December 21, 1951, to February 24, 1952, and from August 3, 1952, to August 26, 1952. The trial of the combined second and third actions between the parties resulted in the sustaining of a demurrer to plaintiffs' evidence, which judgment was affirmed by this court in the opinion found at 280 P.2d 712. As shown by such opinion, the judgment was affirmed for the reason that plaintiffs' evidence was not sufficient to establish a causal connection between the acts of the defendant and plaintiffs' injuries.

From the foregoing it should be readily apparent that while all of the four actions between the parties hereto involved

the same type of cause of action, they do not involve the same cause of action. The doctrine of res judicata is that a final judgment of a court of competent jurisdiction upon a matter properly before it concludes the parties to the litigation and their privies and constitutes a bar to a new action or suit upon the same cause of action, either before the same or any other tribunal. To constitute a good plea or res judicata, however, there must be identity of subject matter of action, identity of cause of action, identity of persons or parties to the action, and identity of quality or capacity in the persons to be affected thereby, and the existence of such elements must be determined as matters of fact from the pleadings, findings and judgment in the case relied on to create the bar to a new action. In re Widener's Estate, 112 Okl. 54, 240 P. 608. Since the present action does not involve the same cause of action as the previous actions between the parties hereto, it is apparent that the plea of res judicata is not well taken.

 Defendant has also pleaded estoppel by judgment. Although the terms "res judicata" and "estoppel by judgment" are sometimes used interchangeably, there is, in this jurisdiction at least, a difference in their meaning, the former being applied to the use of a former adjudication as an absolute bar to a second action upon the same cause of action, and the latter being applied to the somewhat more restricted use of a former adjudication as a conclusive adjudication of some issue, fact or matter material to the determination of a second action. The distinction was noted by this court in the case of McKee v. Producers' & Refiners' Corporation, 170 Okl. 559, 41 P.2d 466, 467, wherein the fourth paragraph of the syllabus reads as follows:

"Distinction between doctrines of res adjudicata and estoppel by judgment is that where the two causes of action are the same the first judgment is a complete bar to the second action, but where the two causes of action are different the parties are estopped by judgment to deny only those matters which are common to both suits; the former is the doctrine of res adjudicata, the latter is estoppel by judgment."

Where an estoppel by a former judgment rendered upon one cause of action is sought to be applied to matters arising in a suit on a different cause of action, the inquiry is whether the question of fact in issue in the latter case is the question of fact actually determined in the former action, and not what might have been litigated and determined therein. Harding v. Taylor, Okl., 272 P.2d 443; Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103.

It therefore appears that in order to determine the validity of defendant's plea of estoppel by judgment, we must determine whether the questions of fact in issue in the case at bar are the questions of fact actually determined by the judgment in the combined second and third actions between these same parties. What are the questions or issues of fact presented by the case at bar? We think they may be summed up as follows: Did defendant negligently operate its settling and filtering plant during the years 1954 and 1955 by disposing of the silt, mud, chemicals and sludge accumulating therein by emptying the same into the bed of a creek meandering through plaintiffs' land, at such times, in such quantities, in such a manner, and under such conditions as to cause the water in such creek to become unfit for drinking by cattle for a period of 146 days during the year 1954 and for a period of 115 days during the year 1955, and as to cause quagmires to form in said creek bed in which one of plaintiffs' cows became mired and drowned in March 1954, and in which two other cows became mired and drowned in April, 1954, and in which another cow became mired and drowned in April 1955? Were such questions or issues determined by the judgment in the combined second and third actions between the parties? We think it obvious that they were not.

The second and third actions between the parties hereto presented the issue of

**694**

defendant's negligence in operating the settling and filtering plant during the years 1948, 1949, 1950, 1951 and 1952, and whether such manner of operation, if negligent, was the proximate cause of certain damages allegedly sustained by plaintiffs during those years through the death of certain stock and the loss of use of water for the purpose of watering stock due to temporary contamination thereof during certain periods of time during such years. The judgment rendered in such cases was that the evidence adduced by plaintiffs was not sufficient to establish that the manner of operation of defendant's filtration plant during the period of time involved was the proximate cause of the damages alleged to have been sustained by plaintiffs during such time, and was in effect a determination that defendant's operations were not the proximate cause of the damages sustained by plaintiffs during the years 1948 to 1952, inclusive. While such judgment may constitute a complete bar to any further litigation between the parties hereto dealing with the manner of operation of defendant's settling and filtering plant during the years 1948 to 1952, inclusive, and any damage sustained by plaintiffs as a result thereof, such judgment does not constitute a license to defendant to thereafter dispose of the mud, silt, chemicals and sludge from its settling basins with complete immunity from liability for any damage that might result to plaintiffs from such disposal. Such judgment did not and could not determine any question of fact or issue involved in the case at bar.

We are of the opinion and hold that there is no merit in defendant's pleas of estoppel by judgment and res judicata. Such being the case, the trial court erred in sustaining the motion of defendant for judgment on the pleadings. The judgment is therefore reversed and the cause remanded with instructions to overrule the motion for judgment on the pleadings.

CORN, V. C. J., and DAVISON, JOHNSON, JACKSON and CARLILE, JJ., concur.