The CITY OF HENRYETTA, Okmulgee County, Oklahoma, a municipal corporation, Plaintiff in Error,

v.

W. H. RUNYAN and Sallie Runyan, his wife, Defendants in Error.

No. 39429.

Supreme Court of Oklahoma.

April 3, 1962.

Ernest W. Smith, Smith & Douglass, Henryetta, for plaintiff in error.

Harry D. Pitchford, Okmulgee, for defendants in error.

JOHNSON, Justice.

This is the sixth appeal to this court involving some phase of the relations between plaintiff and the defendant city.

About 1930 the City of Henryetta erected a dam across Wolf Creek in Okmulgee County to provide a water supply for such city. Below the dam the city had a filtering plant. Periodically, the filters in such plant were cleaned and the sediment discharged below the plant into the creek bed.

In 1942, the plaintiff, Runyan, commenced an action for damages. A recovery of damages was affirmed upon condition of re-

mittitur. See City of Henryetta v. Runyan, 203 Okl. 153, 219 P.2d 220.

Sometime later a second action was filed by Runyan against the city seeking further damages. This cause was reversed. See City of Henryetta v. Runyan, 207 Okl. 300, 249 P.2d 425.

After the reversal of the above case, it was consolidated with another suit pending in the trial court. Both cases were tried together and a demurrer to the evidence was sustained. Upon appeal, the action of the trial court was affirmed. See Runyan v. City of Henryetta, Okl., 280 P.2d 712.

Thereafter the present action was filed in February, 1956. The trial court sustained a demurrer to the petition and dismissed the action. Upon appeal to this court, the case was reversed and remanded to the trial court for trial. See Runyan v. City of Henryetta, Okl., 321 P.2d 689.

Upon return of the case to the trial court, a trial was had and a demurrer to the evidence was sustained and the case dismissed. Upon appeal to this court, the case was reversed. See Runyan v. City of Henryetta, Okl., 347 P.2d 1014.

Upon return of the case to the trial court, the cause was tried and submitted to a jury, resulting in a verdict for the plaintiff in the sum of $2,000.00. Judgment was entered and this appeal taken by the City of Henryetta.

We shall refer to the parties as they appeared in the trial courts. A reference to the previous opinions will detail all of the facts involved in this situation. It was adjudged in the opinion in 347 P.2d that the evidence justified submission of the case to the jury on a portion of the issues involved, but it was not determined which particular issues.

In the petition in this case damages were sought for the following items:

1. $729.50 for labor at $1.50 per day for driving cattle to water on 495 separate days due to the diversion of water from a spring which supplied plaintiff's cattle. It was alleged and some proof offered that this water was channeled to a large pipe which carried it away with other overflow of the filtering plant.

2. The death of four head of cattle of the value of $450.00 by miring and drowning in the mud occasioned by defendant's negligence.

3. Labor in patrolling creek to keep cattle from becoming mired, 670 days at $1.00 per day.

4. Labor in driving 100 head of cattle to fresh water, 3 hours per day for 115 days, $783.00.

A total in all of $2,695.50.

We shall consider these items.

■ If a spring ever existed as claimed under item number 1, the evidence establishes without dispute that any diversion of water was made by the construction of a permanent 1900 foot outflow pipe in 1949. Whatever diversion took place has been constant and visible since that date. This suit was filed February 26, 1956. Any recovery of damages for such diversion is barred by limitation.

■ In City of Stillwater v. Robertson, 192 Okl. 395, 136 P.2d 923, the first paragraph of the syllabus reads:

"Where an injury is the natural and obvious result of the erection of a permanent improvement an action therefor accrues at the time the improvement is completed."

See also the fourth paragraph of the syllabus in Oklahoma Turnpike Authority v. Bacon, Okl., 318 P.2d 442.

The two-year statute, 12 O.S.1951 § 95, subdiv. 3, therefore bars any recovery for item 1.

■ We come now to a consideration of item number 4, supra. This claim is based upon the time spent in driving the cattle to another source of water due to the pollution of the stream by sediment and chemicals. In order to sustain any judgment for this claim, it is necessary that there be proper proof to sustain it. As

said in Bokoshe Smokeless Coal Co. v. Bray, 55 Okl. 446, 155 P. 226:

"Conjecture is an unsound and unjust foundation for a verdict. Juries may not legally guess the money or property of one litigant to another. Substantial evidence of the facts which constitute the cause of action * * * is indispensable to the maintenance of a verdict sustaining it."

The sufficiency of the evidence to sustain this claim necessitates a consideration of the measure of damages. As this court said in Oklahoma City v. Tyetenicz, 175 Okl. 228, 52 P.2d 849:

"However the rule may be, the jury is not permitted to 'roam at will' and fix upon any amount it sees fit as damages without proof as to exact detriment suffered." Cincinnati N. O. & T. P. Ry. Co. v. Gillispie, 130 Ky. 213, 113 S.W. 89.

This court has definitely established the measure of damages.

In the case of Roxana Petroleum Corp. v. Pawnee, 155 Okl. 141, 7 P.2d 663, this court quoted with approval from the Iowa case of Hollenbeck v. Marion, 116 Iowa 69, 89 N.W. 210, as follows:

"The measure of damages for the pollution of a stream through a pasture is the difference in the rental value before and after the pollution, and not the reasonable value of procuring water for the stock, value of the time and trouble of procuring it, or what it would reasonably have cost to furnish an adequate supply of water for the stock."

This is the rule established by this court in regard to temporary damages as distinguished from permanent damages. See also the following: Oklahoma City v. Tytenicz, 171 Okl. 519, 43 P.2d 747, and Oklahoma City v. Tytenicz, 175 Okl. 228, 52 P.2d 849.

See also the Oklahoma cases cited in the annotation in 49 A.L.R.2d at page 273.

The present action is based upon a temporary nuisance for if it were otherwise only one recovery could be had, and this action could not be maintained.

An examination of the evidence herein fails to show any proof concerning the depreciation in the rental value. Therefore, the verdict, if it covers this item, cannot be sustained.

We are of the opinion and hold that what we have said in regard to item number 4, supra, likewise applies to item number 3.

This leaves for consideration only item no. 2, the death of the four head of cattle. The evidence establishes a value of $450.00 for the four head of cattle so lost. This being the only item sustained by the evidence, we will affirm the judgment of the trial court providing that a remittitur of $1,550.00 is filed within ten days of the filing of the mandate herein; otherwise, a new trial is granted herein.

The cost of the appeal herein shall be equally divided between the parties hereto.

DAVISON, HALLEY, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in part and dissents in part.

WILLIAMS, C. J., dissents.